Silver Spring Township State Constable Office, Hon. J. Michael WARD, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 28, 2012.

Decided April 18, 2013.

Philip M. Intrieri, Harrisburg, for appellant.

Philip M. Bricknell, Assistant Counsel, Harrisburg, for appellee.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Appellant J. Michael Ward, the elected Constable of Silver Spring Township, Cumberland County, Pennsylvania, appeals from the order of the Cumberland County Court of Common Pleas (trial court), which affirmed the suspension of Constable Ward's automobile registration by the Department of Transportation, Bureau of Motor Vehicles (DOT). The issues before us on appeal are whether an elected constable is exempt under the Vehicle Code [1] from paying DOT a $36.00 registration fee to receive a license plate and whether he is entitled to a municipal license plate. For the reasons set forth below, we affirm.

The material facts do not appear to be in dispute. (Appellant Br. at 6.) Constable Ward was appointed by Cumberland County Court of Common Pleas President Judge Edgar B. Bayley to serve as constable in Silver Spring Township on November 13, 2008, to fill a vacancy in that office. (Trial Ct. Findings of Fact (F.F.) ¶ 3.) Constable Ward was later elected on November 3, 2009, and began serving his six-year term on January 4, 2010. (F.F.¶¶ 4–

5.) On February 9, 2009, Constable Ward had purchased a Ford Crown Victoria. To complete the vehicle registration, Constable Ward filled out a DOT Form MV–4ST, identifying the "purchaser" of the vehicle as "Silver Spring Township Constables Office" and thereby registering the vehicle in that name. (F.F. ¶¶ 5–7; Feb. 9, 2009 DOT Form, Reproduced Record (R.R.) at 1a.) He listed his home address on the form and signed the form in his own name, without identifying his office. (F.F.¶¶ 7, 10.) A handwritten notation on the Form claims a sales tax exemption under code number "18" and also states "Municipal Tag Free." (F.F.¶ 8.) Code number 18 corresponds to the sales tax exemption for "Municipal Authority created under the Municipal Authority Act of 1935/1945." (F.F.¶ 9.) There is no finding regarding whether Constable Ward or DOT personnel made these handwritten notes. The trial court found that, "based on information provided by Ward," DOT erroneously issued a Municipal Government (MG) plate to Ward for use on the Ford Crown Victoria. (F.F.¶ 11.) DOT did not collect the $36.00 registration fee from Constable Ward for the Ford Crown Victoria in 2009.

On November 18, 2010, Constable Ward purchased a 1997 Chevrolet Tahoe and filled out another DOT Form MV–4ST, identifying the purchaser as the "Silverspring Twp. Constables Office" and requesting a sales tax exemption under code number 18, corresponding to the exemption for municipal authorities. (F.F. ¶¶ 12–14; Nov. 18, 2010 DOT Form, R.R. at 4.) The trial court found that, "based on information provided by Ward," DOT erroneously allowed Ward to transfer his MG-plate from the Ford to the Chevrolet Tahoe. (F.F.¶ 15.) DOT did not collect the $36.00 registration fee from Constable

---

[1]. 75 Pa.C.S. §§ 101–9805.

Ward for the Chevrolet Tahoe in 2010. The vehicle registration credential that DOT provided to Ward identifies "Silverspring Twp. Constables Office" as the registrant at Ward's home address and indicates that the registration is permanent and does not expire. (R.R. at 5a.)

On September 13, 2011, DOT sent an "Official Notice of Suspension" to the "Silver Spring Township Constables Office" suspending indefinitely the registration for the 1997 Chevrolet Tahoe. (Supplemental Reproduced Record (S.R.R.) at 10b.) DOT wrote that the MG-plate "was issued in error.... More specifically, the above registration was issued to your vehicle without payment of the required fees." (*Id.*) DOT cited Section 1373(b)(2) of the Vehicle Code, which provides, "The Department may suspend a registration without providing the opportunity for a hearing in any of the following cases: ... (2) The required fees have not been paid." (*Id.*) *See* 75 Pa.C.S. § 1373.

Constable Ward timely appealed the suspension to the trial court, which conducted a hearing on December 14, 2011. At the hearing, DOT met its burden to prove the suspension of Constable Ward's vehicle registration was proper by introducing into evidence certified copies of the various registration documents showing that the Chevrolet Tahoe was registered to a constable and that no registration fee had been paid. (Hearing Transcript (H.T.) at 8, S.R.R. at 21 b.) There was no objection to admissibility of the Township's exhibits. From there, DOT rested on its legal argument that a constable does not meet any of the statutory fee exemptions. Constable Ward testified on his own behalf, explaining the nature of his duties as constable and how he registered what he

considered his service vehicles. Constable Ward testified that, relying on having received the MG-plate, he purchased various police accoutrement to make it appear that his Chevrolet Tahoe was a service vehicle, like a cage for the backseat, bars on the windows, a computer stand for the front seat, and magnetic stars to place on the outside of the vehicle. (H.T. at 37–38, S.R.R. at 50b–51 b.) He explained that the funds used to purchase the vehicles and the equipment that he installed came out of the statutory fees that he is paid for his official duties and that the equipment enabled him to perform some of his duties, like enforcing warrants and transporting prisoners. (H.T. at 31, S.R.R. at 44b.) He testified that if his vehicle were not properly outfitted with the equipment he purchased, he thought it likely that the court of common pleas would no longer engage him to perform those duties. (H.T. at 39, S.R.R. at 52b.) Finally, he testified that he used the Chevrolet Tahoe only for official constable business and did not use it for any type of family or personal use. (H.T. at 37, S.R.R. at 50b.) DOT offered no rebuttal witnesses.

The trial court issued an opinion and order on July 11, 2012, denying Constable Ward's appeal of DOT's suspension of his vehicle registration. The trial court reasoned that the office of constable does not meet any of the exemptions for the registration fee found at Section 1901 of the Vehicle Code, 75 Pa.C.S. § 1901, and that DOT had issued the MG license plate in error.[2] The trial court also rejected Constable Ward's equitable estoppel argument. Constable Ward argued that DOT was equitably estopped from revoking the registration because he had taken several acts in reliance on the issuance of the

---

**2.** On appeal, Constable Ward concedes that, absent estoppel, DOT has the authority to correct an error if, in fact, one was made.

(Constable Reply Br. at 1.) *See also* 75 Pa.C.S. § 1373.

municipal license plate, including the expenditures he made to outfit his vehicle. The trial court found, as a factual matter, that Constable Ward did not rely on obtaining an MG plate before he outfitted his vehicle as "a police vehicle." (Trial Ct. Op. at 13.) The trial court noted that Constable Ward testified that he considered the equipment necessary to perform his duties as constable and, as a result, he would have made the purchases even had DOT not erred in waiving the registration fee and issuing him a municipal license plate. (*Id.*) The trial court also noted that DOT was not seeking past registration fees, only that Constable Ward pay the fee going forward. (*Id.*) Finally, the trial court rejected Constable Ward's "creative" argument that the registration fee waiver was an emolument of the position of constable that, constitutionally, could not be revoked.

Constable Ward timely appealed to this Court, where he raises several issues. First, he argues that the trial court erred in deciding that a constable is not part of the political subdivision of Silver Spring Township such that the position qualifies for an exemption from the registration fee and a municipal license plate. Second, he argues that the trial court erred in deciding that the fee exemption is not a constitutionally-protected emolument of office. And third, he argues that the trial court erred in denying his equitable estoppel claim.[3]

The Vehicle Code provides that no person shall knowingly drive a vehicle that is not registered in the Commonwealth unless the vehicle is exempt from registration. 75 Pa.C.S. § 1301(a). DOT issues license plates, including municipal plates, pursuant to 75 Pa.C.S. § 1331, titled "Issu-

ance and reissuance of registration plates." The Vehicle Code lists those entities that are exempt from the requirement to pay a fee for registration:

(a) Governmental and quasi-governmental entities.—Except as otherwise specifically provided in this title, no fees shall be charged under this title to any of the following:

(1) The Commonwealth.

(2) Political subdivisions.

(3) State and local authorities.

(4) State-related institutions of higher learning.

(5) The Federal Government.

(6) Other states.

75 Pa.C.S. § 1901(a).

The issue before us, which is an issue of first impression, is whether a constable is a governmental or quasi-governmental entity under Section 1901(a) of the Vehicle Code that qualifies for an exemption from the vehicle registration fee.

Constable Ward's briefs to this Court and the court below provide an interesting and fulsome history of the constable position, dating back to medieval France, when, we are told, the constable was the first officer to the crown and was responsible for commanding the army. (Trial Ct. Op. at 5.) Although interesting, the history of the constable position is largely irrelevant. Today, in Pennsylvania, the constable is a creature of statute and, perhaps, some remnant common law powers that are not at issue here. *See* 44 Pa.C.S. §§ 7101–7178, Act 2009–49, Oct. 9, P.L. 494, No. 49 (effective Dec. 8, 2009). The scope of a constable's duties and authority, and the fees he may collect, are all prescribed by the statute. *See* 44 Pa.C.S.

---

**3.** Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the

trial court's determinations demonstrate a manifest abuse of discretion. *Finnegan v. Department of Transportation, Bureau of Driver Licensing,* 844 A.2d 645 (Pa.Cmwlth.2004).

§ 7161. The statute authorizes cities of the second and third class, boroughs, and townships to conduct elections in each ward to fill the office of constable. 44 Pa.C.S. §§ 7112, 7113, 7114. When a vacancy occurs in the office of constable, the court of common pleas of the county of the vacancy shall appoint a constable for the remainder of the term. 44 Pa.C.S. § 7121. The statute creates a statewide Constables' Education and Training Board and directs the creation of a training program, requiring that constables must obtain a certificate thereunder as a prerequisite for performing any duties or receiving any fees. 44 Pa.C.S. §§ 7142–7144. Constables must carry their own professional liability insurance. 44 Pa.C.S. § 7142(b). The statute expressly provides that a county shall not be liable for the acts of a constable through the doctrine of *respondeat superior*. 44 Pa.C.S. § 7142(e).

■ We find that a constable is not a governmental or quasi-governmental entity under the Vehicle Code and, consequently, that a constable is not exempt from paying the $36.00 vehicle registration fee. Constable Ward contends he is exempt from the fee because his office is part of the political subdivision of Silver Spring Township. There is no question that Silver Spring Township, if it were to purchase and register vehicles for official use, would qualify for the fee exemption and municipal license plates. 75 Pa.C.S. § 1901(a)(2). However, a constable, created by statute, has no authority whatsoever under that statute to act on behalf of the government unit in which he works. The statutory provisions recited above make clear that the General Assembly did not grant a constable that authority and, in fact, it intended quite the opposite by expressly providing that the county in which a constable works shall not be liable through *respondeat superior* for the acts

of a constable. The facts here show that Constable Ward purchased his Chevrolet Tahoe, the vehicle he uses to discharge his duties as constable, on his own, without express authorization or permission from the Township. He determined, on his own, that the vehicle was necessary for his job, and he determined, on his own, that he would maintain the vehicle solely for work and would not drive it for family or personal use. In short, he had no authority to register a vehicle on behalf of the political subdivision in which he works and, as a result, he is not eligible for a registration fee exemption for governmental and quasi-governmental entities.

■ Although no court has addressed the specific issue before us, there is precedent regarding the status of constables in our government that supports our holding. Our Supreme Court has held that a constable is a peace officer and belongs "analytically to the executive branch of the government." *In re Act 147 of 1990*, 528 Pa. 460, 463, 598 A.2d 985, 986–87 (1991). However, the Court has also held that a constable does not act for or under the control of the Commonwealth or a political subdivision. *Id.* A constable is not an employee of the state, judiciary, county, or municipality in which he or she works. *Id.* A constable is an independent contractor. *Id.*

In *Commonwealth v. Roose*, the Superior Court vacated a defendant's conviction for driving under the influence of alcohol because he had been pulled over and arrested by a constable, who is not authorized to take such action. 456 Pa.Super. 238, 690 A.2d 268, 269 (1997). In distinguishing the office of constable from other law enforcement officers, the Superior Court wrote:

> Constables and deputy constables are not employees of any municipal subdivision as police and sheriffs are. They are

not paid a salary by any municipal subdivision but rather are independent contractors whose pay is on a per job basis. . . . As independent contractors, they are not acting for or under the control of the Commonwealth and cannot be considered Commonwealth employees in order to receive legal representation when sued in connection with their duties. *Rosenwald v. Barbieri*, 501 Pa. 563, 462 A.2d 644 (1983). No one supervises constables in the way a police chief supervises police officers or a sheriff supervises deputies. No municipality is responsible for their actions in the way a city, borough, or township is responsible for its police or a county is responsible for its sheriff's office. In fact, our supreme court has found unconstitutional legislation which attempted to place constables under the supervisory authority of the courts. *In re Act 147 of 1990*, 528 Pa. 460, 598 A.2d 985 (1991).

*Id.* at 269. In discussing the public safety concerns posed by a constable who decides to make unauthorized arrests, the Superior Court continued:

For example, is a citizen required to stop when signaled to do so by a constable or deputy constable? The offense of fleeing or attempting to elude a police officer by its very terms is limited to police officers who are in a clearly identifiable police vehicle or, if the vehicle is unmarked, the officer must be in uniform and displaying a badge. 75 Pa. C.S. § 3733. **Constables and deputy constables do not have uniforms and they are not provided with municipal vehicles but use their own private cars.** By what means does a constable or deputy constable signal a driver to stop? Under the Motor Vehicle Code, a constable's private automobile does not fit within the definition of an emergency vehicle, 75 Pa.C.S. § 102, and is not

within that class of vehicles which may display flashing red or blue lights or use sirens. 75 Pa.C.S. § 4571. If a constable or deputy constable violates someone's constitutional rights, is there "state action"? What if a constable or deputy constable is injured or killed while making a traffic stop? Since there is no employer, there would be no workers' compensation coverage, leaving the injured constable to pay any expenses.

*Id.* at 269–70 (emphasis added). Relevant to the instant matter, the Court continued in a footnote to discuss a constable's vehicle and the lack of a standardized uniform that would signal to the public a higher authority:

We recognize that some constables have outfitted themselves in a "uniform" of their own choosing. However, inherent in the concept of a uniform is that all members of the particular organization, be it a police force or a Scout troop, are required by some higher authority to wear identical clothing. This is simply not possible with a constable who is an independent contractor and is not supervised by a higher authority in a particular organization.

*Id.* at 270 n. 1; *see also id.* at 271 (discussing public safety concern of allocating to constables police powers that are reserved for "highly trained" police officers and sheriffs). Not only is a constable not authorized by statute to purchase a vehicle on behalf of a political subdivision, our courts have recognized significant public safety issues where a constable has attempted to overreach his statutorily granted authority and take actions akin to those reserved for "highly trained" police officers.

Constable Ward next argues that the trial court erred in deciding that the fee exemption is not a constitutionally-protect-

ed emolument of office. *See* Article III, Section 27 of the Pennsylvania Constitution ("No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment."); *Meade v. City of Philadelphia,* 65 A.3d 1031, 2013 WL 1136833 (Pa. Cmwlth.2013) (holding that Pennsylvania Constitution prohibits the reduction in salary of a public officer in the middle of a term of office). Having already decided that Constable Ward is not entitled to the fee exemption, it follows that the fee exemption cannot be an emolument of the office of constable.

 Finally, Constable Ward argues that, even if a constable does not qualify for a fee exemption or an MG license plate under the Vehicle Code, DOT is equitably estopped from requesting a registration fee from him and from revoking his MG plate because he justifiably relied on DOT's prior action. "The essential elements of estoppel are an inducement by the party sought to be estopped to the party who asserts the estoppel to believe certain facts to exist—and the party asserting the estoppel acts in reliance on that belief." *Westinghouse Elec. Corp./ CBS v. Workers' Compensation Appeal Board (Korach),* 584 Pa. 411, 423, 883 A.2d 579, 586 (2005) (internal quotations omitted).

The trial court found as a matter of fact that Constable Ward took no actions in reliance on DOT's erroneous grant of a fee exemption and erroneous issuance of an MG plate. Constable Ward argues that he purchased certain equipment for his vehicle relying on the fact that he would have an MG plate. The trial court specifically rejected that assertion, finding that given Constable Ward's testimony that he considered the equipment necessary to perform his duties, he would have purchased the equipment in any event, even had DOT never issued him an MG plate and even if DOT had requested the $36.00 registration from the beginning. The finding is supported by competent evidence and it is not erroneous as a matter of law.[4]

For the above reasons, we affirm the order of the trial court.

## ORDER

AND NOW, this 18th day of April, 2013, the order of the Cumberland County Court of Common Pleas is AFFIRMED.

---

4. The trial court also rejected the equitable estoppel argument on the basis that DOT's error was based on misinformation supplied by Constable Ward when he filed the vehicle registration form under the name "Silver Spring Twp. Constables Office." This finding was error. First, there is no evidence that the information supplied by Constable Ward forced DOT to make the legal error of determining that a constable qualified for a fee exemption and a municipal license plate under the Vehicle Code. DOT itself admitted that the error was its own in the Notice of Suspension. Second, there was no evidence that the registration name was inaccurate. The trial court erroneously assumed that Constable Ward, by supplying accurate information that he was an elected constable in the Township, could have compelled DOT to issue a license plate that should not have been issued in the first place. To use the example the trial court used, if the trial court judge purchased a vehicle and listed his title as judge of the court of common pleas in the registration box, and DOT waived the registration fee and issued him a municipal license plate as a result, the legal error of determining a judge of the court of common pleas qualifies for an exemption under the Vehicle Code would be DOT's error and DOT's alone.