**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Manuel RODRIGUEZ, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 21, 2013.
Filed Nov. 22, 2013.

Joseph P. Maher, Allentown, for appellant.

Cynthia A.D. Hatton, Assistant District Attorney, Jim Thorpe, for Commonwealth, appellee.

BEFORE: SHOGAN, J., WECHT, J., and COLVILLE, J.*

OPINION BY WECHT, J.

Manuel Rodriguez ("Appellant") appeals the May 15, 2012 judgment of sentence imposed after he was found guilty of windshield obstructions for driving with improperly tinted windows.[1] We affirm.

The trial court has summarized the factual and procedural history of this case as follows:

[Appellant] serves as a Pennsylvania constable in the Sixteenth (16th) Ward of the City of Allentown, Lehigh County[, Pennsylvania]. As a constable, [Appellant] is classified as an independent contractor working for courts and attorneys throughout the Commonwealth. Pennsylvania constables are not issued vehicles by the municipalities which they serve.

On January 8, 2012, [Appellant] was traveling in an automobile northbound on the Northeast Extension of the Pennsylvania Turnpike when his vehicle was stopped by a Pennsylvania state trooper, who stated that [Appellant] had been pulled over due to the tint of his windows. [Appellant] was operating his own vehicle, a 2006 BMW sedan, which had black[-]tinted glass in the front and rear driver's side, the front and rear passenger's side, and rear windows, such that it was impossible to see into the vehicle through any of those windows from the outside. [Appellant] was issued a warning and told to remove the tint, and was subsequently cited on January 30, 2012[,] for violating the aforementioned sunscreening provision of the Pennsylvania [Motor] Vehicle Code.

The BMW automobile which [Appellant] was operating at the time of the citation [was Appellant's] privately owned vehicle, which he purchased himself and which is registered in his own name. There is no certificate of exemption posted on the vehicle. The automobile does not exhibit any distinctive markings or insignia to identify it as an official Pennsylvania government vehicle, and does not feature emergency lights. [Appellant] carries law enforcement insurance for the vehicle, which he purchased himself.

[On March 23, 2012, Appellant was found guilty of the above summary offense after a trial before a magisterial district judge.] On April 9, 2012, [Appellant] filed a "Notice of Appeal from Summary Criminal Conviction" with [the trial court]. Following a *de novo* hearing held before [Judge Steven Serfass] on May 15, 2012[,] in accordance with Pennsylvania Rule of Criminal Procedure 462, [the trial court] found [Appellant] guilty of the only offense charged and sentenced him to pay the costs of prosecution and a fine of twenty-five dollars ($25.00). A written order imposing sentence and containing the information required by [Pa.R.Crim.P. 462(g) ] was issued on May 15, 2012. On June 14, 2012, [Appellant] timely filed the instant appeal of that order to the Superior Court.

Trial Court Opinion ("T.C.O."), 8/31/2012, at 1–3 (citations omitted).

■ On June 15, 2012, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his statement on July 10, 2012.[2] The

---

* Retired Senior Judge assigned to the Superior Court.

1.  75 Pa.C.S. § 4524(e)(1).

2.  "[T]he untimely filing of a court-ordered Rule 1925(b) statement does not automatically result in wavier of the issues on appeal. If the trial court accepts an untimely Rule

trial court issued its Rule 1925(a) opinion on August 31, 2012.

Appellant raises a single issue for our consideration:

> Whether the Trial Court committed an error of law and/or an abuse of discretion in not determining [that Appellant] was entitled to an exemption from the automobile tinting provisions pursuant to 75 Pa.C.S. § 4524(e)(2)(i) and 67 Pa. Code § 175.265(a)(1) due to the fact that he was a governmental official operating his vehicle at the time and date in question as a government vehicle on official governmental business?

Brief for Appellant at 4. Appellant contends that his status "as a Pennsylvania constable" and the fact that he was allegedly conducting official business at the time that he was cited for windshield obstructions should qualify his vehicle for an exemption from that summary offense.[3] Brief for Appellant at 6. Specifically, Appellant argues that his vehicle qualifies for an exemption because it is a "governmental vehicle" pursuant to 75 Pa.C.S. § 4524(e)(2)(i).[4] *Id.*

The Commonwealth responds that Appellant is "not entitled to immunity from prosecution for a violation of [s]ection 4524." Brief for Commonwealth at 11. The Commonwealth asserts that Appellant "is not a government official by virtue of his capacity as [a] constable," and argues that Appellant's car "cannot be classified as a government vehicle." *Id.* at 7, 10. We agree with the Commonwealth.

■ Appellant's claim that his personal vehicle is an exempt "government vehicle" pursuant to 75 Pa.C.S. § 4524(e)(2)(i) presents an issue of first impression for this Court. "Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." *Commonwealth v. Marizzaldi,*

1925(b) statement and addresses the issues raised in its Rule 1925(a) opinion, we will not determine the issues to be waived." *Commonwealth v. Sohnleitner,* 884 A.2d 307, 312 (Pa.Super.2005) (citing *Commonwealth v. Ortiz,* 745 A.2d 662, 663–64 n. 3 (Pa.Super.2000)). Here, Appellant did not timely comply with the trial court's order to file his Rule 1925(b) statement within twenty-one days of June 15, 2012. However, the trial court accepted Appellant's concise statement of errors complained of on appeal and issued a responsive Rule 1925(a) opinion. Consequently, we will address Appellant's issue.

3. Appellant's testimony indicates that he was allegedly "going up to Wilkes–Barre to be sworn in by the Judge" as a member of the "Northeast Regional Anti–Terrorist Task Force" when he was cited on January 8, 2012. Notes of Testimony ("N.T."), 5/15/2012, at 23.

4. Appellant cites 67 Pa.Code § 175.265(a)(1) as a source of statutory relief. Brief for Appellant at 4, 6. Section 175.265 is part of the administrative code of the Pennsylvania Department of Transportation. It provides an exemption scheme for vehicles pursuant to 67 Pa.Code § 175.263. 67 Pa.Code § 175.265(a). Appellant was cited for a violation of 75 Pa. C.S. § 4524(e)(1), not Section 175.263. There are no cross-references between the statutes. *See* 67 Pa.Code §§ 175.263, 175.265; *cf.* 75 Pa.C.S. § 4524(e). In *Commonwealth v. Brubaker,* this Court ruled that a legal standard articulated at 67 Pa.Code § 175.67 was inapplicable to a defendant's conviction pursuant to 75 Pa.C.S. § 4524(e) because the statutory provisions did not make explicit reference to one another. 5 A.3d 261, 265–66 (Pa.Super.2010) ("Given the lack of reference in § 4524 to 67 Pa.Code § 175.67(d)(4), we cannot see how the provisions set forth in that section of the [Pennsylvania Administrative Code] represent a standard that supplants the express language used in the [Pennsylvania Motor Vehicle Code].") Following our reasoning in *Brubaker,* Appellant's citation to 67 Pa.Code § 175.265(a)(1), without more, is unavailing. We need not address it further.

814 A.2d 249, 251 (Pa.Super.2002) (citing *Commonwealth v. Lutes,* 793 A.2d 949, 958 (Pa.Super.2002)). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Dixon,* 66 A.3d 794, 796 (Pa.Super.2013) (citing *Commonwealth v. Askins,* 761 A.2d 601, 603 (Pa.Super.2000)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Id.* (quoting *Commonwealth v. Diamond,* 945 A.2d 252, 258 (Pa.Super.2008)).

In relevant part, 75 Pa.C.S. § 4524 provides as follows:

(e) **Sun screening and other materials prohibited.—**

(1) No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.

(2) This subsection does not apply to:

(i) A vehicle which is equipped with tinted windows of the type and specification that were installed by the manufacturer of the vehicle or to any hearse, ambulance, government vehicle or any other vehicle for which a currently valid certificate of exemption has been issued in accordance with regulations adopted by the department.

**5.** Appellant does not challenge the trial court's determination that his vehicle's windows violated section 4524(e)(1). *See* Brief for Appellant 1–11; *see also* N.T. at 44–45 (Appellant's attorney stating that Appellant's only defense is his alleged immunity). Consequently, we will review section 4524 solely as to Appellant's claim that he is exempt. *See*

75 Pa.C.S. § 4524.[5] Section 4524(e)(2)(i) exempts certain classes of vehicles from compliance with section 4524(e)(1), including vehicles that have "tinted windows of the type and specification that were installed by the manufacturer," hearses, ambulances, vehicles with valid exemption certificates, and government vehicles. 75 Pa.C.S. § 4524(e)(2)(i). Appellant has presented no argument or evidence related to the installation of tinted windows in his vehicle. Consequently, we cannot conclude that Appellant's vehicle is entitled to an exemption on the basis of its manufacture. *Id.* Additionally, Appellant was not driving an ambulance, a hearse, or a vehicle with a valid certificate of exemption on January 8, 2012. *See* T.C.O. at 4; *see also* Notes of Testimony ("N.T."), 5/15/2012, at 11. Therefore, to qualify for exemption, Appellant's vehicle must be a "government vehicle." *See* 75 Pa.C.S. § 4524(e)(2)(i).

The definition of what constitutes a "government vehicle" for the purposes of section 4524(e)(2)(i) does not appear in the statute. A thorough review of Pennsylvania case law has revealed no directly analogous decisions to guide our review. Typically, this case would require this Court to interpret the meaning of the instant statutory provision for the first time. *See Commonwealth v. Henderson,* 444 Pa.Super. 170, 663 A.2d 728, 732 (1995); *see also* 1. Pa.C.S. §§ 1901–10. However, such an enterprise is unnecessary in the case *sub judice,* as Appellant's claim fails without reference to our statutory construction.[6] Rather, Appellant's claim fails internally based upon Appellant's own conception of section 4524(e)(2)(i). To wit,

*Commonwealth v. Hardy,* 918 A.2d 766, 771 (Pa.Super.2007) (citing *Commonwealth v. Gould,* 912 A.2d 869, 873 (Pa.Super.2006)) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant").

**6.** Although no Pennsylvania precedent directly addresses the definition of "government

Appellant's sole argument is that his alleged status as a Commonwealth employee, who was in the course of government business at the time of citation, renders his vehicle governmental for the purposes of section 4524(e)(2)(i). Brief for Appellant at 11 ("[Appellant] was performing in [*sic*] the day in question when he was stopped as a governmental officer and using his vehicle in the performance of his governmental duties which makes the vehicle in question on that date as [*sic*] a 'governmental' vehicle."). Assuming, *arguendo*, that we accepted the premise of Appellant's argument that the vehicles of government employees on official business are exempt from compliance with section 4524(e)(2)(i), his claim must fail because Pennsylvania constables are not considered government employees.

■■■■ Although constables are elected officers in the Commonwealth, it is well-settled that constables are not government employees:

> Our Supreme Court has held that a constable is a peace officer and belongs

"analytically to the executive branch of the government." However, the Court has also held that a constable does not act for or under the control of the Commonwealth or a political subdivision. A constable is not an employee of the state, judiciary, county, or municipality in which he or she works.

*Ward v. Commonwealth*, 65 A.3d 1078, 1081 (Pa.Cmwlth.2013) (quoting *In re Act 147 of 1990*, 528 Pa. 460, 598 A.2d 985, 986–87 (1991)) (internal citations omitted).[7,8] Constables "are not employees of any municipal subdivision as police and sheriffs are. They are not paid a salary by any municipal subdivision but rather are independent contractors whose pay is on a per job basis." *Commonwealth v. Roose*, 456 Pa.Super. 238, 690 A.2d 268, 269 (1997).

> No one supervises constables in the way a police chief supervises police officers or a sheriff supervises deputies. No municipality is responsible for their actions in the way a city, borough, or township is responsible for its police or a county is responsible for its sheriff's of-

vehicle" pursuant to section 4524(e)(2)(i), we note that the term has appeared in cases adjudicating disputes under the Motor Vehicle Financial Responsibility Law ("MVFRL"). 75 Pa.C.S. §§ 1701–99. Both this Court and our Commonwealth Court utilize the term "government vehicle" in those cases to denote government ownership of a vehicle. *See Nationwide Assur. Co. v. Easley*, 960 A.2d 843, 846 n. 5 (Pa.Super.2008) (referring to the "government vehicle exception" of MVFRL that exempts any motor vehicle owned by the federal government) (citing 75 Pa.C.S. § 1703); *Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.*, 567 Pa. 514, 788 A.2d 955, 961–62 (2001) (utilizing the phrases "government vehicles," "government-owned vehicles," and "Commonwealth agency vehicles" interchangeably); *see also City of Philadelphia v. Melendez*, 156 Pa.Cmwlth. 271, 627 A.2d 234, 237–38 (1993) (utilizing the terms "motor vehicle in possession or control of the local agency," "government owned vehicle" and "government vehicle" interchangeably).

7. Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority. *Commonwealth v. Ortega*, 995 A.2d 879, 885 (Pa.Super.2010).

8. Appellant's brief includes several invocations of the history of constables in Pennsylvania, mentioning their links to our Commonwealth's colonial past. We emphasize that this opinion does not seek in any way to diminish or impugn the valuable contributions that constables make to the Pennsylvania judicial system. However, "[a]lthough interesting, the history of the constable position is largely irrelevant. Today, in Pennsylvania, the constable is a creature of statute and, perhaps, some remnant common law powers that are not at issue here." *Ward v. Commonwealth*, 65 A.3d 1078, 1081 (Pa.Cmwlth.2013) (citing 44 Pa.C.S. §§ 7101–7178).

fice. In fact, our [S]upreme [C]ourt has found unconstitutional legislation which attempted to place constables under the supervisory authority of the courts. *In re Act 147 of 1990*, 528 Pa. 460, 598 A.2d 985 (1991).

*Id.* at 269 (internal citation modified).

We are constrained by the substantial precedent above to conclude that Pennsylvania constables are not employees of the Commonwealth. *See Ward, supra; Roose, supra.* Appellant does not directly address the issue of statutory construction with citations to pertinent legal authority, and he offers no substantive support of his argument.[9] Consequently, we are bound to decline Appellant's attempt to claim government employee status and extrapolate that status to encompass his vehicle. Appellant cannot impart that which he does not possess in the first place.

Based upon all of the above, we find no error of law in the trial court's opinion. It was not an abuse of discretion for the trial court to conclude that Appellant's private vehicle,[10] driven in Appellant's capacity as an independent contractor, was not governmental pursuant to section 4524(e)(2)(i).

Judgment of sentence affirmed.

---

9. Appellant included a copy of a case from New York, *State v. Rodriguez*, which the trial court addressed briefly in its opinion. T.C.O. at 6. Appellant makes no mention of the case in his briefs to this Court, and it is not included in Appellant's table of citations. We have not considered it in this opinion.

10. Appellant purchased the instant vehicle with his own money and obtained personal liability insurance for the vehicle. N.T. at 31–32. Appellant was required to do both of these things, privately, as a Pennsylvania constable. *See Ward*, 65 A.3d at 1082 ("Constables must carry their own professional liabili-

ty insurance.") (citing 44 Pa.C.S. § 7142(b)); *see also Roose*, 690 A.2d at 270 ("Constables ... are not provided with municipal vehicles but use their own private cars."). Our precedent also makes clear that the private vehicles of Pennsylvania constables traditionally are not recognized at statute as privileged, official vehicles. *See Roose*, 690 A.2d at 270 ("Under the Motor Vehicle Code, a constable's private automobile does not fit within the definition of an emergency vehicle, and is not within that class of vehicles which may display flashing red or blue lights or use sirens.") (citing 75 Pa.C.S. §§ 102, 4571).