**OFFICE OF the CONSTABLE, c/o Roger C. Metzgar, Constable, and/or Roger C. Metzgar, and/or Roger C. Metzgar, Office of Constable of Tobyhanna Township, and/or any combination of the above, Petitioners**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 2015.

Decided March 30, 2015.

---

Ronald L. Clever, Allentown, for petitioners.

Philip M. Bricknell, Assistant Counsel, Harrisburg, for respondent.

BEFORE: DAN PELLEGRINI, President Judge, and ROBERT SIMPSON, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

**OPINION**

OPINION BY Judge SIMPSON.

Office of the Constable of Tobyhanna Township (Office), c/o Constable Roger C. Metzgar (Metzgar) (collectively, Constable) petitions for review from the order of the Secretary of the Department of Transportation (Secretary) that denied its exceptions and affirmed the Department of Transportation's (DOT) order recalling certificates of title on two vehicles registered and titled in the name of the Office. Constable challenges the recall of the titles as beyond DOT's statutory authority under Section 1115(a) of the Vehicle Code, 75 Pa.C.S. § 1115(a). Constable contends that because the vehicles are used by the Office, the Office is the proper title holder.

Constable seeks rescission of DOT's recall of the titles. Discerning no error below, we affirm.

**I. Background**

Tobyhanna Township (Township) is a second-class township located in Monroe County. Metzgar was duly elected as constable for the Township in 2007. In 2009, Metzgar purchased a 1997 Chevrolet Suburban from the Department of General Services (Chevrolet) with personal funds. Initially, he applied for a title listing "Pennsylvania State Constable—[Township]" as owner. Hr'g Officer's Proposed Report, 2/28/12, at 1, Finding of Fact (F.F.) No. 2.b. However, the Bureau of Motor Vehicles (Bureau) rejected the application. He then reapplied for title and registration in his name as constable. The Bureau issued the title in the name of "Roger C. Metzgar" without reference to constable. F.F. No. 2.e. Subsequently, Metzgar purchased a 2001 Ford Crown Victoria (Ford). Metzgar registered and titled the Ford in his own name as owner "because he knew that [DOT] would not issue him a title in the name of his office." F.F. No. 3.c.

In April 2011, at a licensed DOT title and tag agent in York County (Agent), three hours away from Township, Metzgar attempted to transfer the titles for both the Chevrolet and the Ford (collectively, Vehicles) from his own name to "Roger Charles Metzgar Office of Constable." Certified Record (C.R.), Item No. 23, Ex. 2 at 4. Simultaneously, Metzgar applied for municipal government (MG) license plates for the Vehicles using MV–4ST forms, indicating municipal ownership. Agent did not seek payment of fees.[1] Agent then issued MG plates for both Vehicles and titles in the name of "Roger Charles Metz-

---

1. Metzgar previously paid registration fees for the Ford, but not for the Chevrolet.

gar Office of the Constable." *Id.* This purported a transfer in ownership from Metzgar to Office.

Upon discovery that the titles were issued in the name of the Office, the Bureau recalled the titles to the Vehicles. Shortly thereafter, DOT suspended the registration and MG plates for the Vehicles for the Office, and for four other offices of the constable.[2] Constable requested an informal hearing. In October 2011, after an informal hearing, the Bureau issued a letter to Metzgar advising that the recall of the titles was correct. C.R., Item No. 23, Ex. 2. Constable appealed, requesting a formal hearing.

A hearing officer held a hearing where Metzgar, represented by counsel, and Craig Comp (Comp), a unit manager in the research and support section of the Bureau, testified. Relevant here, one of Comp's functions is to recall titles that were issued in error. He testified the titles on the Vehicles were recalled because the titles contained incorrect information, in that elected officials like Metzgar cannot use the name of their offices as owner.

Metzgar acknowledged DOT issued the initial title for the Chevrolet in his name and to his home address without any reference to the Office. He testified that he did not attempt to register the Ford in the name of the Office "because of [his] earlier experience with the [Chevrolet]." Hr'g Tr., 5/1/12, at 49. He testified he traveled three hours away to Agent because there were no agents in Monroe County or its vicinity that issued MG plates to constable offices "on the spot." *Id.* at 46. Metzgar testified the purpose for re-titling the Ve-

hicles was to obtain MG plates. He claimed "my office was already the owner of the car." *Id.* at 50.

The hearing officer issued a proposed report addressing the bona fide owner issue. She found Metzgar, not the Office, owned both Vehicles; thus, titles issued in the name of the "Office of the Constable" were in error. She found there was a special form to complete a name change on a title, but Metzgar did not use that form. Proposed Report, F.F. No. 5. Constable filed exceptions to the proposed report.

The Secretary denied the exceptions and upheld the recall of the titles. The Secretary adopted the hearing officer's proposed report and issued his own opinion, "writ[ing] only to supplement the report." Sec'y Op., 3/28/2014, at 3. He noted that DOT had a policy not to issue certificates of title in the name of offices of the constable, because constables were not part of a political subdivision or municipal authority. The Secretary reasoned that titles must be issued in the name of the actual owner of the Vehicles. Metzgar was the actual owner, not the Office. As a result, DOT was authorized to recall the titles on both the Chevrolet and the Ford (collectively, Titles) as issued in error. The Secretary concluded recall was appropriate "because [the Titles were] issued to a person or entity not entitled to the certificates *or* because [they] contained incorrect information." Sec'y Op. at 4 (emphasis added). The Secretary determined that both grounds applied to the Bureau's recall of the Titles.

Constable filed a petition for review to this Court, seeking reversal of the Secretary's order.[3]

---

2. The four other municipalities involved are Middletown Borough (First Ward), Silver Spring Township, Freemansburg Borough, and Abbottstown Borough.

3. Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact were supported by

## II.  Discussion

This appeal is limited to DOT's recall of the Titles.  Although both parties discuss the Vehicles' registrations and whether the Vehicles are entitled to display MG plates, those issues are not currently before us.[4]

Constable argues DOT lacked express statutory authority to recall the Titles under these circumstances.  He contends Agent had authority to issue the Titles, and he maintains the Vehicles are properly titled to him as an office-holder rather than in his personal capacity because he uses the Vehicles for Office business.

DOT counters that recall of the Titles was authorized and appropriate.  It argues the Titles were erroneously issued for two reasons: (1) the Titles were issued in the name of a person not entitled to title; and, (2) the Titles contained incorrect information.  DOT also contends Constable's appeal is frivolous.

### A.  Statutory Authority

Constable argues DOT exceeded its statutory authority under 75 Pa.C.S. § 1115(a) because none of those grounds for recalling title applies.  Specifically, Constable asserts the Office is entitled to the Titles, and that issuance in the name of the Office does not render the Titles inaccurate.

In full, Section 1115(a) of the Vehicle Code provides:

> General rule.—*When any certificate of title has been issued in error to a person not entitled to the certificate or contains incorrect information* or information has been omitted from the certificate,

[DOT] shall notify in writing the person to whom the certificate has been issued or delivered that the certificate has been recalled.  Unless a departmental hearing is requested pursuant to subsection (a.1), such person shall immediately return the certificate of title within ten days, together with any other information necessary for the adjustment of departmental records, and, upon receipt of the certificate, [DOT] shall cancel the certificate and issue a corrected certificate of title.

75 Pa.C.S. § 1115(a) (emphasis added). Each section of a statute "must be construed with reference to the entire statute and not apart from [its] context." *Snyder v. Dep't of Transp.*, 64 Pa.Cmwlth. 599, 441 A.2d 494, 496 (1982).

Regarding applications for certificates of title, Section 1103.1(a) of the Vehicle Code, provides in pertinent part:

> *Application for a certificate of title* shall be made upon a form prescribed and furnished by [DOT] and *shall contain* a full description of the vehicle, the vehicle identification number, odometer reading, date of purchase, *the actual or bona fide name and address of the owner,* a statement of the title of applicant, together with any other information or documents [DOT] requires to identify the vehicle and *to enable [DOT] to determine whether the owner is entitled to a certificate of title,* and the description of any security interests in the vehicle.

75 Pa.C.S. § 1103.1(a) (emphasis added). Thus, the statute requires the application

---

substantial evidence.  *Gutman v. Dep't of Transp.*, 16 A.3d 566 (Pa.Cmwlth.2011).

4.  Constable concedes that "the suspension of the municipal license plate is not before" us. Pet'rs' Br. at 5. Indeed, this Court remanded the plate and registration suspension as to the Ford to the trial court.  *See Office of Constable of Tobyhanna Twp. v. Dep't of Transp.,*

*Bureau of Motor Vehicles* (Pa.Cmwlth., Nos. 294 C.D. 2012, 395 C.D. 2012, filed Apr. 4, 2013) (unreported), 2013 WL 3970246.  The trial court upheld the suspension. *Metzgar v. Dep't of Transp.,* Dkt. No. 8595–CV–2011, (C.P. Monroe, filed Nov. 27, 2013); Resp't's Br. at App. A.

to contain the actual or bona fide owner's information. The owner of the vehicle is entitled to the certificate of title.

∎ In context, although not separately defined in the Vehicle Code, a "bona fide" owner is equivalent to the actual owner of the vehicle. In defining an "owner" under Section 102 of the Vehicle Code,[5] our courts consider "who ... in fact possesses the attributes commonly associated with ownership, including the use, benefit, possession, control, responsibility for, and disposition of, the vehicle in question." *Habbyshaw v. Dep't of Transp., Bureau of Driver Licensing*, 683 A.2d 1281, 1283 n. 3 (Pa.Cmwlth.1996). The word "transferee" as used in the statute refers to the purchaser of an automobile. 75 Pa.C.S. § 1374(a)(5) (allowing sanctions if registered dealer fails to timely deliver certificate of title to transferee lawfully entitled thereto or to DOT); *see Gary Barbera Dodge, Inc. v. Dep't of Transp., Bureau of Motor Vehicles*, 670 A.2d 1186 (Pa.Cmwlth. 1995).

Based on these statutory provisions, the title should be issued in the name of the person or entity lawfully entitled to hold title. To discern legal entitlement, we examine whether Metzgar had authority to retitle the Vehicles in the name of the Office and whether the Office qualifies as the actual owner.

### 1. Entitlement

We considered a constable's authority to register a vehicle on a governmental entity's behalf in *Ward v. Department of Transportation, Bureau of Motor Vehicles*, 65 A.3d 1078 (Pa.Cmwlth.2013). There, we addressed whether a constable was entitled to an exemption from payment of the registration fee, and to issuance of MG plates as a governmental entity.

∎ Similar to the case at bar, the constable in *Ward* completed a form MV–4ST identifying the owner of the vehicle as "Silver Spring Township Constables Office." Notably, like Metzgar, he signed the form in his own name and used his home address without identifying the office. He claimed an exemption for sales tax under code # 18 which corresponds to a municipal authority. Based on the information provided, DOT issued MG plates and did not collect a registration fee. DOT later issued a notice of suspension of the registration noting the MG plate was issued in error. Ward appealed to the court of common pleas, which affirmed the suspension. Ward then appealed to this Court.

After surveying case law outlining the parameters of a constable's authority, this Court held that constables were unable to register their vehicles as government vehicles. *Ward.* We recognized that under our Supreme Court's precedent, constables "[do] not act for or under the control of the Commonwealth," and thus, could not be considered to be state employees. *Id.* at 1082 (citing *In re Act 147 of 1990*, 528 Pa. 460, 598 A.2d 985, 986–87 (1991)); *see also Rosenwald v. Barbieri*, 501 Pa. 563, 462 A.2d 644 (1983). Nor could constables be deemed "employee[s] of the judiciary, the township or the county in which [they] work[ ]." *In re Act 147*, 598 A.2d at 986; *see also Ward* at 1082. Moreover, constables are not paid a salary, "but rather are independent contractors whose pay is on a per job basis." *Ward*, 65 A.3d at 1083 (quoting *Commonwealth v. Roose*, 456 Pa.Super. 238, 690 A.2d 268 (1997)). Based on the foregoing, we concluded con-

---

**5.** The Vehicle Code defines "owner" as "a person ... having the property right in or title to a vehicle.... The term includes a person entitled to the use and possession of a vehicle...." 75 Pa.C.S. § 102.

stables did not qualify for government exemptions for government vehicles. *Ward;* *see also Commonwealth v. Rodriguez,* 81 A.3d 103 (Pa.Super.2013) (vehicle that constable used as a peace officer not exempt from prohibition on tinted windows because vehicle was privately owned, and registered in the constable's own name).

Although registration and titling of vehicles are not subject to the same statutory provisions in the Vehicle Code, *Ward* is instructive. In *Ward,* this Court rejected the argument Constable makes now, that a constable is part of the political subdivision of the township he serves. There, we held constables have "no authority" to act on behalf of the government unit they serve outside specific statutory grants of power. *Ward,* 65 A.3d at 1082. Therefore, we held "[i]n short, [the constable] had no authority to register a vehicle on behalf of the political subdivision in which he works." *Id.*

This rationale applies equally to the titling of vehicles. Constables have circumscribed authority that does not include acquiring or titling vehicles for a municipal government. *See generally* 44 Pa.C.S. §§ 7101–7178 (relating to constables). Constable here does not direct us to any authority permitting Metzgar's transfer of title to the Office as either an office-holder or in his personal capacity.

Moreover, Constable's argument is constructed on the faulty premise that the Office is a separate government entity apart from Metzgar as office-holder. Metzgar is candid that he transferred title on the Vehicles into the name of the Office in an attempt to cloak the Vehicles in municipal or quasi-governmental entitlements, including MG plates. *Ward* established that constables have no such author-

ity and that offices of the constable are not governmental entities under the Vehicle Code. Therefore, DOT properly recalled the titles as issued to an entity (here, the Office) not entitled to hold title.

### 2. Incorrect Identification of Owner

■ In his attempt to retitle the Vehicles, Metzgar identified "Roger Charles Metzgar Office of Constable" as the new owner. It is DOT's position that Metzgar obtained a transfer of title under false pretenses by misrepresenting the owner as the Office.[6] Constable contends DOT cannot recall the Titles based on this non-statutory ground.

■ It is clear from the statutory scheme that certificates of title are issued to owners. That is reflected in the statutory provisions cited above, and other references to owners as the persons to whom titles are issued. *See* 75 Pa.C.S. §§ 1103.1, 1115(a); *see, also,* 75 Pa.C.S. § 1115(d) (DOT issues corrected certificates of title *to an owner*); 75 Pa.C.S. § 1108 (when DOT is not satisfied regarding ownership, DOT shall withhold title until it receives documents reasonably sufficient to show *ownership* by applicant).

Indicia of ownership include use, benefit of ownership, possession, responsibility and control of a vehicle. *Habbyshaw.* Title ownership, as well as actual possession, is only one element of ownership. *Commonwealth v. One 1988 Suzuki Samurai,* 139 Pa.Cmwlth. 68, 589 A.2d 770 (1991).

In considering the indicia of ownership, the Vehicles are personally owned by Metzgar. Sec'y Op. at 4. Metzgar purchased the Vehicles with personal funds. C.R., Item No. 23, Hr'g Tr. at 36 (Ford), 37 (Chevrolet). He possesses, uses and controls the Vehicles. *Id.* at 45, 49, 63–64.

---

6. Where a certificate of title is procured through false representation, "it is void *ab initio.*" *Pa. State Police v. Bradley,* 6 Pa. Cmwlth. 637, 297 A.2d 554, 556 (1972) (citation omitted).

Regardless of his represented use of the Vehicles to fulfill his duties as an officeholder, Metzgar remains the user of the Vehicles. There is no indication that the Office owns the Vehicles separate from Metzgar, such that the Titles could remain with the Office regardless of who held the office.

Further, there is no evidence that the Township purchased the Vehicles for the Office, or any other indication of government ownership of the Vehicles.[7] Indeed, here, Constable acknowledged in his exceptions that "the instant title was a firstparty transaction [self-to-self] and not a sale-&-purchase transaction." Reproduced Record at 17a. Metzgar represented that it was no more than a name change. However, we note that is inconsistent with his stated purpose of retitling the Vehicles in the name of the Office in order to obtain MG plates, which are reserved for government entities. Hr'g Tr. at 50.

In addition, DOT is entitled to deference in interpreting the statutes for which it has enforcement authority. *Martin Media v. Dep't of Transp.*, 700 A.2d 563 (Pa. Cmwlth.1997). This includes the construction of the term "actual owner" under the Vehicle Code. The Secretary concluded the actual owner was Metzgar and not the Office. Because the Titles identify the Office as the owner, they contain inaccurate information.

Moreover, we recognize DOT's interest in maintaining a complete and accurate motor vehicle registration and title certificate system as mandated by statute. *See Dep't of Transp. v. Penner*, 5 Pa. D. & C.3d 499 (C.P. Somerset 1977) (action filed to compel defendants to return certificates of title erroneously issued). While not conclusive, a name on a certificate of title evidences ownership. *Habbyshaw*. As the agency charged with issuing vehicle titles, DOT has a duty to ensure a title contains accurate information identifying the person or entity that actually owns the vehicle. DOT's efforts in maintaining accurate records are frustrated when applicants do not provide accurate information and refuse to return improperly issued titles.

The Titles contain incorrect information because they were issued to the Office, and not to Metzgar, the actual owner. The Office does not own the Vehicles; instead, they remain Metzgar's personal property. We agree with DOT that a title containing incorrect information is properly recalled under Section 1115(a) of the Vehicle Code. Accordingly, DOT's action recalling titles on the Vehicles is authorized.

### B. Frivolous Appeal

Lastly, DOT argues Constable's appeal is frivolous in light of this Court's opinion in *Ward*. We disagree. *Ward* addressed, as a matter of first impression, whether a constable's office qualified as a government entity that is entitled to fee exemptions under the registration statute and to MG plates. That case does not analyze Section 1115(a) of the Vehicle Code or the content of the title, including the actual name of owner, which are the primary legal issues here.

■ Moreover, the issue before us is not well-settled. *Cf. Venafro v. Dep't of Transp., Bureau of Driver Licensing*, 796 A.2d 384 (Pa.Cmwlth.2002) (finding appeal frivolous and awarding attorney fees to DOT because licensee raised an issue that is well-settled and presented no legal support). Although DOT contends ample case law sets forth the confines of a constable's authority, as framed by Constable this ap-

---

7. Generally, courts use the term "government vehicle" to denote government ownership of a vehicle. *See Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.*, 567 Pa. 514, 788 A.2d 955 (2001); *City of Phila. v. Melendez*, 156 Pa. Cmwlth. 271, 627 A.2d 234 (1993).

peal presents a matter of statutory construction. Because our Supreme Court has not ruled on this issue, it is not frivolous. "[A]n appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in law or fact." *Canal Side Care Manor, LLC v. Pa. Human Relations Comm'n*, 30 A.3d 568, 576 (Pa.Cmwlth.2011) (quoting *Menna v. St. Agnes Med. Ctr.*, 456 Pa.Super. 301, 690 A.2d 299, 304 (1997)). In short, Constable's appeal does not meet this high standard.

### III. Conclusion

Because the titles for the Vehicles were erroneously issued, the order of the Secretary is affirmed, and DOT is entitled to the return of the certificates of title in accordance with Section 1115(a) of the Vehicle Code.

### *ORDER*

**AND NOW**, this 30th day of March, 2015, the order of the Secretary of the Department of Transportation is **AFFIRMED.**