J-A15033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KELSI JEAN ROBERTS | : | No. 966 MDA 2016 |

Appeal from the Order Dated May 10, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s):  CP-22-CR-0005992-2015

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 31, 2017**

The Commonwealth of Pennsylvania appeals from the Order granting the Omnibus Pretrial Motion filed by Kelsi Jean Roberts ("Roberts") to suppress evidence obtained after her arrest.  We reverse and remand.

The trial court set forth the relevant factual history as follows:

> On June 27, 2015, at approximately 9:00 p.m., Pennsylvania State Police Trooper Robert E. Minnich [("Trooper Minnich")] received a call to respond to a single vehicle crash in the area of Grandview Avenue and Hoernerstown Road in South Hanover Township, Dauphin County.  Upon his arrival at the scene, Trooper Minnich observed a disabled vehicle with right front[-]end damage.  Trooper Minnich observed a fresh mark on the concrete wall [of] the nearby bridge[,] and debris in the vicinity.  Based upon his observations, Trooper Minnich concluded that the vehicle had left its lane of travel on a curve which approached the roadway and struck the bridge.  The driver of the vehicle, [] Roberts, was on a stretcher in the back of an ambulance receiving treatment by medical personnel who had placed her in a neck brace.
>
> Trooper Minnich spoke to [Roberts] at the back of the ambulance.  He observed a golf ball-sized gouge on [Roberts's] head.  In speaking with [Roberts], Trooper Minnich smelled a

strong odor of alcohol. [Trooper Minnich] asked [Roberts] i[f] she had been drinking, to which she responded affirmatively by nodding her head. Trooper Minnich testified that [Roberts] was crying, her response time [was] sluggish[,] and her speech slightly slurred. Trooper Minnich was unable to speak with [Roberts] further or perform field sobriety tests because the ambulance transported her to the hospital.

Trial Court Opinion, 9/27/16, at 2-3 (unnumbered, citations omitted).

Roberts was subsequently arrested and charged with three counts of driving under the influence ("DUI"), and the summary offense of failing to safely operate her vehicle.[1] On March 29, 2016, Roberts filed an Omnibus Pretrial Motion wherein she argued that the police lacked probable cause to arrest her for suspicion of DUI.[2] Roberts requested that the trial court suppress all additional evidence obtained by police as fruit of the poisonous tree. On May 10, 2016, following a suppression hearing, the trial court granted Roberts's Motion.

The Commonwealth filed a timely Notice of Appeal. On June 21, 2016, the trial court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. The Commonwealth did not comply with the trial court's Order. On September 27, 2016, the trial court issued its Pa.R.A.P. 1925(a) Opinion, without the benefit of a concise statement. The Commonwealth thereafter filed a Motion

---

[1] See 75 P.S. §§ 3802(a)(1), (b), (d)(1)(i) and 3309(1).

[2] Roberts filed an amended Omnibus Pretrial Motion on April 20, 2016.

for an extension of time to file a concise statement,[3] and on October 20, 2016, filed its untimely Concise Statement. However, on October 21, 2016, the trial court entered an Order returning the Concise Statement to the Commonwealth based on the trial court's lack of jurisdiction.

On appeal, the Commonwealth raises the following issues for our review:

1. Whether the Commonwealth preserved its suppression issue where it filed a [Pa.R.A.P.] 1925(b) [Concise] Statement, the trial court addressed the merits of the issue in its [Pa.R.A.P.] 1925(a) Opinion, and there is no substantial impediment to meaningful and effective appellate review?

2. Whether the [trial] court erred in granting [Roberts's] suppression Motion where law enforcement possessed probable cause that [Roberts] was driving under the influence[,] as she crashed her vehicle, admitted to drinking, exhibited slow and sluggish movements, slurred speech, and there was a strong odor of alcohol emanating from her person?

Brief for the Commonwealth at 4 (some capitalization omitted).

In its first issue, the Commonwealth contends that, although it filed its Pa.R.A.P. 1925(b) Concise Statement in an untimely manner, the trial court addressed the issue raised therein in its Pa.R.A.P. 1925(a) Opinion. Brief for the Commonwealth at 10. The Commonwealth asserts that, because the trial court provided meaningful review of the issue raised in its Concise Statement, it has been properly preserved for our review. *Id*.

---

[3] Our review of the docket reflects that the trial court did not rule on the Commonwealth's Motion.

- 3 -

Here, as the trial court addressed the sole issue raised by the Commonwealth in its untimely Concise Statement, we decline to find waiver, and it is unnecessary to remand. *See Commonwealth v. Rodriguez*, 81 A.3d 103, 104 n.2 (Pa. Super. 2013) (holding that, "if the trial court accepts an untimely Rule 1925(b) statement and addresses the issues raised in its Rule 1925(a) opinion, we will not determine the issues to be waived."); *see also Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (holding that "[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues[,] we need not remand and may address the merits of the issues presented.").

In its second issue, the Commonwealth contends that Trooper Minnich possessed probable cause that Roberts was driving under the influence of alcohol based on the following: the occurrence of a single-vehicle accident during the night-time hours on a clear road; the odor of alcohol on Roberts's breath and person; Robert's crying and disheveled appearance, slurred speech and sluggish speech; and Roberts's admission to consuming alcohol. Brief for the Commonwealth at 13.

Our standard of review of a trial court's order granting a motion to suppress evidence is well established. When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record,

remains uncontradicted. *See Commonwealth v. Petty*, 157 A.3d 953, 955 (Pa. Super. 2017). The Pennsylvania Supreme Court has clarified that the scope of review for a suppression issue is limited to the record available to the suppression court. *See In re L.J.*, 79 A.3d 1073, 1085, 1089 (Pa. 2013). Moreover, "[t]he suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts." *Commonwealth v. Miller*, 56 A.3d 1276, 1278-79 (Pa. Super. 2012) (citations omitted).

Probable cause for a DUI arrest is present when a police officer has sufficient facts at his disposal to warrant a prudent person to believe that the driver of a vehicle is under the influence of alcohol. *See Commonwealth v. Angel*, 946 A.2d 115, 118 (Pa. Super. 2008). The probable cause determination is made based upon the totality of the circumstances, and "a police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated." *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008) (citation omitted).

Here, Trooper Minnich testified that, on the evening in question, he was called to respond to a single-vehicle accident in which Roberts's vehicle had left the roadway and struck a bridge. *See* N.T., 5/10/16, at 4-5.

Trooper Minnich testified that, upon his arrival at the accident scene, Roberts was in the back of an ambulance receiving medical attention. *See id*. at 9. When Trooper Minnich approached the ambulance to speak with Roberts, he smelled a strong odor of alcohol emanating from her person. *See id*. at 11, 12-13; N.T., 10/26/15, at 20. Trooper Minnich testified that Roberts admitted to consuming alcohol prior to the accident. *See* N.T., 5/10/16, at 13; N.T., 10/26/15, at 21. Furthermore, Trooper Minnich testified that, when responding to his questions, Roberts's responses were slow, and her speech was slurred. *See* N.T., 5/10/16, at 28. Based on his observations, and his standardized field sobriety training, Trooper Minnich determined that Roberts was impaired, and not capable of safely operating a motor vehicle. *See* N.T., 10/26/15, at 20, 36.

Under the totality of the circumstances, we conclude that Trooper Minnich had probable cause to arrest Roberts for suspected driving under the influence. *See* 75 Pa.C.S.A. § 3802(a)(1), (b); *see also Angel*, 946 A.2d at 118 (holding that probable cause existed to arrest a driver for DUI where the driver emitted an odor of alcohol, and had slurred speech and glassy eyes); *Commonwealth v. Hilliar*, 943 A.2d 984, 994 (Pa. Super. 2008) (holding that probable cause existed to arrest a driver for DUI where the driver smelled of alcohol and his speech was slurred). Accordingly, the trial court's conclusion to the contrary was an error of law. We therefore

J-A15033-17

reverse the Order granting Roberts's Omnibus Pretrial Motion, and remand for further proceedings.[4]

Order vacated; case remanded for further proceedings. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017

---

[4] Upon remand, we further direct the trial court to conduct an analysis, pursuant to **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016), to determine whether Roberts's consent to have her blood drawn at the hospital was knowing and voluntary.

- 7 -