J-S53030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARK EMMANUEL MEAD, JR., | |
| Appellant | No. 1900 MDA 2015 |

Appeal from the PCRA Order October 2, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000306-2012

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 11, 2016**

Appellant, Clark Emmanuel Mead, Jr., appeals from the order entered on October 2, 2015, in the Schuylkill County Court of Common Pleas that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court, which addressed Appellant's direct appeal, provided the following facts and procedural history:

> Appellant was the boyfriend of the mother of the minor male victims, ZA and IA, with whom he resided along with their mother. When the mother was at work, the children were left in Appellant's care. Eventually, the mother and Appellant split up. One month after Appellant moved out of the residence, the older of the two boys began to tell his

_____

[*]  Former Justice specially assigned to the Superior Court.

mother what Appellant had done, and the mother reported the allegations to the police.

The events occurred during the last few months of 2005 and the first half of 2006. ZA was five years old at the time. He testified that he, his younger brother, IA, and his half-brother, CM, lived with his mother and Appellant. (Appellant and the boys' mother are the natural parents of CM, who is younger than both complainants). ZA testified that he was called into Appellant's bedroom, where Appellant forced him to perform oral sex on Appellant and then Appellant performed anal sex on ZA. He could not say exactly how often these assaults occurred other than to say it was more than once. Each time, when Appellant was done with him, Appellant instructed him to return to the bedroom he shared with IA and to send IA to Appellant. He testified that the assaults did not occur the same way each time. Sometimes he was only required to put his mouth on Appellant's penis; sometimes he was assaulted anally; and sometimes both occurred.

ZA testified that the same things happened to him on occasion when he and Appellant were alone in the living room of their residence. He testified that his mother was at work when all of the assaults occurred, and no one else was home except his brothers. He also testified that he did not tell anyone at the time because each time he was assaulted, Appellant threatened to hurt him if he told anyone.

IA, who was four years old when the events occurred, testified that almost daily while his mother was at work, he would be required to join Appellant in the bedroom Appellant shared with his mother. No one was home but him and his brothers. He testified that CM was only months old at the time. During each assault, IA was required to perform oral sex on Appellant; then Appellant performed oral sex on IA; and finally, Appellant would perform anal sex on IA. IA also testified that occasionally, when the boys were in the living room watching television with Appellant, Appellant made him perform oral sex on

- 2 -

Appellant and then watch while ZA was forced to do the same. Whenever he was made to perform oral sex on Appellant, IA testified that Appellant "peed" in his mouth and told him to swallow it; but he always spit it out in the sink. Each time he was assaulted, Appellant threatened to hurt him if he told anyone.

R.G. "Aunt", the mother's aunt, testified that the mother brought all three boys to live with her near the end of April of 2006. The mother told Aunt that the boys had been abused and asked Aunt to take them to the county's Children and Youth Agency ("CYA"). Shortly thereafter, the mother abandoned the boys, and Aunt was given kinship custody of ZA, IA, and CM.

ZA had been interviewed very briefly by a representative of CYA. During this interview, ZA said that he and IA were forced to perform oral sex on Appellant while in his bedroom, that stuff came out of Appellant's penis into their mouths, and that they had to spit it out into a sink. ZA did not mention anal sex during the interview.

Both ZA and IA were also interviewed by the Children's Resource Center ("CRC"). ZA told CRC that he was forced to perform oral sex and subjected to anal sex. IA told CRC that Appellant had only touched him and ZA inappropriately with his hand.

Aunt, who had taken ZA and IA for these interviews, testified that IA told her on the way home that he had not told the interviewer everything because he was afraid, but that he was no longer afraid. Aunt called CYA when they got home, and a couple of days later IA was reinterviewed at the local police station.

Trial Court Opinion, 11/26/12, at 1-4.

Based upon the foregoing events, the McAdoo Police Department, on December 21, 2011, filed a criminal complaint that charged Appellant with six counts of involuntary deviate sexual intercourse with a child, six counts of indecent assault,

two counts of corruption of minors, and two counts of endangering the welfare of a child. Following a preliminary hearing convened on February 23, 2012, the district magistrate bound all charges over to the Schuylkill County Court of Common Pleas.

At the conclusion of trial on June 5, 2012, a jury found Appellant guilty of six counts of involuntary deviate sexual intercourse with a child, six counts of indecent assault (person less than 13 years of age), two counts of corruption of minors, and two counts of endangering the welfare of a child. Thereafter, on September 27, 2012, the trial court sentenced Appellant to 27½ - 5[5] years' imprisonment in a state correctional facility.[1]

*Commonwealth v. Mead*, 2239 MDA 2012, 93 A.3d 509 (Pa. Super. filed December 13, 2013) (unpublished memorandum at 1-4) (internal footnotes omitted) (footnote added). This Court affirmed Appellant's judgment of sentence, *id*., and on July 2, 2014, the Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Mead*, 94 A.3d 1009 (Pa. 2014).

On July 1, 2015, Appellant, through counsel, filed a timely PCRA petition. In an order filed on October 2, 2015, the PCRA court denied relief. Appellant filed a timely appeal, and on October 29, 2015, the PCRA court

---

[1] In his brief, Appellant repeats the typo from our earlier decision listing Appellant's aggregate sentence as twenty-seven and one-half to fifty-four years of incarceration. Appellant's Brief at 3. However, a review of the sentencing transcript and sentencing order reveals that the trial court imposed an aggregate sentence of twenty-seven and one-half to fifty-five years of incarceration. N.T., Sentencing, 9/27/12, at 31-32; Order 9/27/12, at unnumbered 1.

directed Appellant to file and serve a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-five days.

Initially, it appears that Appellant's court-ordered Pa.R.A.P. 1925(b) statement was filed late. The PCRA court ordered Appellant to file the statement on or before November 23, 2015, but the record reflects that it was not filed until November 25, 2015. Nevertheless, this untimely filing is not fatal to Appellant's appeal.

> The untimely filing of a court-ordered Rule 1925(b) statement does not automatically result in wavier of the issues on appeal. If the trial court accepts an untimely Rule 1925(b) statement and addresses the issues raised in its Rule 1925(a) opinion, we will not determine the issues to be waived. …

***Commonwealth v. Rodriguez***, 81 A.3d 103, 105 n.2 (Pa. Super. 2013) (internal citations and quotation marks omitted).

Here, Appellant's Pa.R.A.P. 1925(b) statement was late, but the trial court accepted the filing and attempted to address the issue raised therein. Appellant's Pa.R.A.P. 1925(b) statement reads, in its entirety, as follows: "The trial court erred by denying defendant's petition for relief under the Pennsylvania Post Conviction Relief Act." Pa.R.A.P. 1925(b) statement, 11/25/15. In its effort to address Appellant's concise statement, the PCRA court responded as follows: "The defendant's statement pursuant to Pa.R.A.P. No. 1925(b) merely states that this court erred in denying his PCRA petition, without specifying why the denial was in error. Accordingly,

there is nothing to which a response can be made." Pa.R.A.P. 1925(a)

Opinion, 11/24/15.[2]

Our standard of review of an order denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Perez***, 103 A.3d 344, 347 (Pa. Super. 2014). The PCRA court's decision will not be disturbed unless there is no support for the findings in the certified record. ***Id***.

After review, we agree with the PCRA court's assessment, and we conclude that Appellant has waived any issues he might have raised on appeal.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not

_____

[2] Appellant's Pa.R.A.P. 1925(b) statement contains a proof of service revealing that it was served upon the PCRA court on November 20, 2015. While the Pa.R.A.P. 1925(b) statement was not filed until November 25, 2015, we are satisfied that the PCRA court was served with the Pa.R.A.P. 1925(b) statement before November 24, 2015, thus explaining why the filing date of the opinion predates the filing date of the Pa.R.A.P. 1925(b) statement.

to enforce it …. We yet again repeat the principle first stated in [**Commonwealth v.**] **Lord**[, 719 A.2d 306 (Pa. 1998),] that must be applied here: "In order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (quoting **Lord**, 719 A.2d at 309; and **see** G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers, and Kristen W. Brown, PENNSYLVANIA APPELLATE PRACTICE, § 1925:27 (2009–2010 edition) ("No remand is authorized in situations in which a criminal appellant actually timely files a required concise statement but phrases issues in a vague manner or omits certain issues.").

The record reveals that Appellant had counsel, and counsel filed the court-ordered Pa.R.A.P. 1925(b) statement, albeit two days late. As noted, the PCRA court declined to find waiver based on the untimely filing and chose to proceed with a merits review. Accordingly, this was not a situation where an untimely Pa.R.A.P. 1925(b) statement was the equivalent of filing no statement at all. **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge."). Rather, the PCRA court overlooked the untimeliness of Appellant's Pa.R.A.P. 1925(b) statement, and in reviewing the statement, the PCRA court rendered a judicial determination that the issue Appellant raised was too vague to

- 7 -

preserve any questions for appellate review. Thus, we conclude that remanding this matter for an amended concise statement is not appropriate under the circumstances. Appellant filed the Pa.R.A.P. 1925(b) statement that was accepted by the PCRA court, but it was deemed deficient.

After review, we conclude that Appellant failed to preserve any issues for appellate review, and we discern no error in the PCRA court's determination. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judge Bowes joins the Memorandum.

Justice Fitzgerald Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016