J-S83021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN L. CHARLES, | |
| Appellant | No. 314 WDA 2016 |

Appeal from the PCRA Order February 11, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010116-1982, CP-02-CR-0010340-1982

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 06, 2016**

Appellant, Kevin L. Charles, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9646.  We affirm.

The trial court summarized the underlying facts of this case as follows:

On November 25, 1982, two Borough of Wilkinsburg police officers went to the apartment of John Conway in the Borough of Wilkinsburg, Pennsylvania, in response to information provided by one Joseph Harp.  Upon entering the unlocked apartment, the officers found the body of Mr. Conway.  The victim had been stabbed five times and was dead when the officers arrived. Dr. Leon Rozin, Forensic Pathologist for the Allegheny County Coroner's Office, testified that the cause of death was multiple stab wounds to the trunk with severe internal hemorrhages.  The

_____

[*]  Retired Senior Judge assigned to the Superior Court.

officers found the television set in the apartment still on and the apartment in a state of disarray.

After receiving information that [Appellant] had been present at the scene of the homicide, Detective Channing Jackson of the Wilkinsburg Police Department called [Appellant's] residence and requested that [Appellant] come to the police station.

Upon his arrival at the police station, [Appellant] voluntarily made a statement to Detective Jackson. [Appellant] stated that at approximately 10:30 p.m. on November 24, 1982, he accompanied his two friends, Vincent Harp and Darryl Matthews, to the victim's apartment. According to [Appellant], Vincent Harp planned to rob the victim and tie him up; [Appellant] and Darryl Matthews agreed to help Vincent Harp. Upon their arrival at the apartment building, Harp and Matthews entered the apartment while [Appellant] remained in the parking lot as a lookout. Twenty minutes later, Darryl Matthews summoned [Appellant]; [Appellant] then entered the apartment. [Appellant] stated that he saw a man "lying on the bedroom floor with blood coming from his chest and all over him." According to [Appellant's] signed statement, he and Vincent Harp then took money from the apartment and fled.

Trial Court Opinion, 12/30/86, at 2-3 (citations omitted).

We summarize the procedural history of this case as follows. On November 25, 1982, Appellant was charged with one count of criminal homicide at CP-02-CR-0010116-1982. On December 7, 1982, Appellant was charged with one count each of robbery and criminal conspiracy at CP-02-CR-0010340-1982. On May 27, 1983, a jury convicted Appellant of second-degree murder, robbery, and criminal conspiracy. On February 6, 1984, Appellant was sentenced to a term of life imprisonment for the second-degree murder conviction. Appellant was also sentenced to serve a concurrent term of incarceration of ten to twenty years for the robbery

conviction. Appellant then filed a direct appeal. On June 21, 1985, a panel of this Court vacated Appellant's judgment of sentence and remanded for a new trial. *Commonwealth v. Charles*, 278 Pittsburgh 1984 (Pa. Super. filed June 21, 1985) (unpublished memorandum).

A retrial was held in September of 1986. On September 12, 1986, a jury convicted Appellant of second-degree murder, robbery, and criminal conspiracy. On November 21, 1986, the trial court sentenced Appellant to serve a term of life imprisonment for the murder conviction, a concurrent term of incarceration of ten to twenty years for the robbery conviction, and no further penalty for the conspiracy conviction.

Appellant then filed a direct appeal. On November 9, 1987, a panel of this Court affirmed Appellant's judgment of sentence for murder and conspiracy and vacated Appellant's judgment of sentence for robbery on the basis of merger of the underlying felony (robbery) with the second-degree murder conviction. *Commonwealth v. Charles*, 1744 Pittsburgh 1986 (Pa. Super. filed November 9, 1987) (unpublished memorandum). Appellant then filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court on December 9, 1987. On May 13, 1988, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Charles*, 575 W.D. Alloc. DKT. 1987 (Pa. filed May 13, 1988).

On July 13, 2015, Appellant filed a "PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM" with the Civil Division of the Court of Common

Pleas of Allegheny County. On July 28, 2015, the matter was transferred to the criminal division of the court of common pleas. On September 14, 2015, the court of common pleas entered an order appointing counsel to represent Appellant.[1] On January 22, 2016, appointed counsel filed a motion to withdraw as counsel and no-merit letter pursuant to *Turner/Finley*.[2] On January 26, 2016, the PCRA court filed an order issuing notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. On February 8, 2016, Appellant filed a *pro se* objection to the PCRA court's notice of intent to dismiss. On February 11, 2016, the PCRA court dismissed Appellant's PCRA petition and granted PCRA counsel's motion to withdraw. This timely *pro se* appeal followed. On February 29, 2016, the PCRA court issued an order directing that Appellant file a concise statement pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Appellant filed his Pa.R.A.P. 1925(b) statement on May 13, 2016. On July 5, 2016, the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a) addressing the issues raised by Appellant in his Pa.R.A.P. 1925(b) statement.

Appellant presents the following issues for our review:

---

[1] The order of July 28, 2015, indicated that the court considered Appellant's *pro se* filing to be a PCRA petition. Order, 9/14/15, at 1.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

I. Q. Did the Common Pleas Court error in construing or dismissing Petitioner's Writ of Habeas Corpus Ad Subjiciendum as a Post Conviction Relief Act petition?

II. Q. Did the commonwealth create a procedural due process of law violation by lodging the criminal charge of 18 Pa. C.S.A. § 2501 Criminal Homicide?

III. Q. Did the Court have statutory authorization to impose a sentence of life imprisonment?

Appellant's Brief at 9.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012).  We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Initially, we must decide whether this matter is properly before us. We begin by determining whether the PCRA court correctly considered

J-S83021-16

Appellant's petition to be a PCRA petition. If so, we then determine whether the petition satisfied the timeliness requirements of the PCRA.[3]

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis**. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a

_____

[3] We note that Appellant filed his Pa.R.A.P. 1925(b) statement on May 13, 2016, well after the 21-day deadline imposed by the trial court on February 29, 2016. We recognize that the fact that Appellant is acting *pro se* does not excuse his failure to comply with the rules of appellate practice. *Commonwealth v. Maris*, 629 A.2d 1014, 1017 n.1 (Pa. Super. 1993). However, given the fact that the trial court accepted Appellant's untimely statement and prepared an eleven-page responsive opinion pursuant to Pa.R.A.P. 1925(a), which comprehensively addressed the issues Appellant has raised on appeal, we will address the merits of Appellant's appeal despite his late filing. *See Commonwealth v. Rodriguez*, 81 A.3d 103, 104 n.2 (Pa. Super. 2013) ("[T]he untimely filing of a court-ordered Rule 1925(b) statement does not automatically result in waiver of the issues on appeal. If the trial court accepts an untimely Rule 1925(b) statement and addresses the issues raised in its Rule 1925(a) opinion, we will not determine the issues to be waived.") (internal citation omitted); *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) ("[I]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal."). Moreover, the threshold question of whether Appellant's *pro se* PCRA petition was timely filed is a jurisdictional issue, which can be raised by this Court *sua sponte*. *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000). Therefore, we will review the PCRA court's determination that it lacked jurisdiction over Appellant's *pro se* petition.

- 6 -

means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. at 1235 (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claims at issue, *i.e.* whether the Commonwealth's attorney violated Appellant's procedural due process rights and whether the trial court had statutory authority to impose the sentence of life imprisonment, are claims available to him under the PCRA. The relevant portion of the PCRA provides as follows:

(2) That the conviction or sentence resulted from one or more of the following:

> (i)   A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> * * *
>
> (vii)  The imposition of a sentence greater than the lawful maximum.

42 Pa.C.S. § 9543(a)(2)(i), (vii).  Thus, the statute indicates that claims of a constitutional nature and those that challenge the lawfulness of a sentence are cognizable under the PCRA.  *Id*.

Essentially, Appellant is attacking the validity of his underlying murder conviction and the lawfulness of his sentence of life imprisonment.  Because such claims are cognizable under the PCRA, Appellant is precluded from seeking relief pursuant to a petition for writ of *habeas corpus*.  Thus, the PCRA court had no authority to entertain the claims except under the strictures of the PCRA.

We next address whether Appellant satisfied the timeliness requirements of the PCRA.  A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013).

Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed

_____

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant was sentenced on November 21, 1986. Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence for murder and conspiracy and vacated Appellant's judgment of sentence for robbery on the basis of merger of the underlying felony (robbery) with the second-degree murder conviction on November 9, 1987. ***Charles***, 1744 Pittsburgh 1986. Appellant filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court on May 13, 1988. ***Charles***, 575 W.D. Alloc. DKT. 1987. Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on July 12, 1988, sixty days after the Pennsylvania Supreme Court denied

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 20.1.[5] Thus, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on July 13, 2015, does not qualify for the grace *proviso* as it was not filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). Our review of the record reflects that Appellant has not alleged, nor has he proven, that any of the three exceptions to the timeliness requirement of the PCRA is satisfied. 42 Pa.C.S.

---

[5] We note that the Rules of the Supreme Court of the United States pertaining to the time limit for filing a petition for *writ of certiorari* have changed various times in relation to both length of time and rule number. Rule 20.1, which was applicable to this case, required the filing of a petition for a *writ of certiorari* within sixty days after the Pennsylvania Supreme Court denied *allocatur* and became effective August 1, 1984.

§ 9545(b)(1). Thus, the PCRA court did not err in denying Appellant's untimely PCRA petition.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/6/2016