J-A15032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEFFREY JOHN HOSKO, | : | |
| | : | |
| Appellant | : | No. 2079 MDA 2016 |

Appeal from the Judgment of Sentence November 28, 2016
in the Court of Common Pleas of Lackawanna County,
Criminal Division, No(s):  CP-35-SA-0000051-2016

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 17, 2017**

Jeffrey John Hosko ("Hosko") appeals from the judgment of sentence imposed following his conviction of abandonment of vehicles,[1] a summary offense.  We affirm.

The trial court set forth the relevant procedural and factual history underlying this appeal in its Opinion, which we adopt as though fully set forth herein.  **See** Trial Court Opinion, 1/31/17, at 1-2.[2]

In this timely appeal, Hosko presents the following issues for our review:

   1. Whether the trial court made findings of fact unsupported by the competent evidence, made errors of law and/or manifestly abused its discretion in finding [Hosko] guilty of abandonment of vehicles, 75 Pa.C.S.A. § 3712(a), after the consolidated *de novo* summary trial?

---

[1] **See** 75 Pa.C.S.A. § 3712(a).

[2] The fine imposed on the abandonment of vehicles Citation upheld by the trial court was $603.50.

2. Whether the trial court made findings of fact unsupported by the competent evidence, made errors of law and/or manifestly abused its discretion in finding [Hosko] guilty of abandonment of vehicles, 75 Pa.C.S.A. § 3712(a), relating to a 1992 white Ford pickup truck [(hereinafter "the white Ford")], where the relevant Citation charged [Hosko] with abandoning a green Toyota SUV [(hereinafter "the green Toyota")], thereby finding [Hosko] guilty of an offense that was never actually charged?

3. Whether the trial court erred as a matter of law and/or manifestly abused its discretion by permitting the Commonwealth to introduce evidence and testimony concerning Officer [David] Mitchell's [("Officer Mitchell")] observations of [Hosko's] vehicles at various times after he filed the Citations at the Magistrate's office, which were not relevant or material to any alleged offense, and Officer Mitchell's subsequent observations were beyond the scope of the dates and times set forth in those Citations?

Brief for Appellant at 4 (some capitalization omitted).

> Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Commonwealth v. Rodriguez*, 81 A.3d 103, 105-06 (Pa. Super. 2013)

(citations and quotation marks omitted).

Hosko first argues that the Commonwealth failed to present sufficient evidence to establish, beyond a reasonable doubt, all elements of the offense of abandonment of vehicles. *See* Brief for Appellant at 15-19.

- 2 -

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply … is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Section 3712 of the Vehicle Code ("the Code") provides, in relevant part, that "[n]o person shall abandon a vehicle upon any highway." 75 Pa.C.S.A. § 3712(a). The Code states that a vehicle is presumed to be abandoned if "[t]he vehicle is physically inoperable and is left unattended on a highway or other public property for more than 48 hours." ***Id.*** § 102(1)(i). The Code defines the term "highway," in pertinent part, as follows: "The entire width between the boundary lines of every way publicly

- 3 -

maintained when any part thereof is open to the use of the public for purposes of vehicular travel." *Id.* § 102.

Here, Hosko argues that the Commonwealth failed to prove that, under the above-mentioned provisions of the Code, he abandoned a vehicle on a highway. Brief for Appellant at 18. Hosko further asserts that Officer Mitchell's testimony that he could tell, from the condition of the vehicles and road debris, that they were abandoned is "mere conjecture and guesswork." *Id.*; *see also id.* (maintaining that "[t]hese Citations were filed by [Officer] Mitchell to harass [Hosko].").

In its Rule 1925(a) Opinion, the trial court addressed Hosko's sufficiency challenge, summarized the relevant testimony,[3] and found that (1) the credible testimony of Officer Mitchell was sufficient to support a conviction of abandonment of vehicles beyond a reasonable doubt; and (2) the green Toyota was "abandoned" on a "highway" as defined in the Code. *See* Trial Court Opinion, 1/31/17, at 4-5. The trial court's findings are supported by the record, and we agree with its legal determination. Accordingly, we affirm on this basis in rejecting Hosko's sufficiency challenge. *See id.*

---

[3] We additionally observe that Hosko, who testified at the *de novo* trial that he is self-employed as a "salvage dealer," conceded that he left the green Toyota, which had a flat tire, parked on Dartmouth Street for "a couple of weeks" because he had shoulder surgery and was physically unable to drive. N.T., 11/22/16, at 41, 44.

- 4 -

In his second issue, Hosko argues that "the Trial Court found [him] guilty of an offense that was never charged by [Officer] Mitchell[,]" pointing out that the abandonment of vehicles Citation charged Hosko with abandoning the green Toyota, not the white Ford. Brief for Appellant at 21; *see also* N.T. (*de novo* trial), 11/22/16, at 50 (announcing the trial court's guilty verdict on the abandonment of vehicles Citation, wherein the court referenced the white Ford). Hosko complains that he was never put on notice that he potentially could be found guilty of abandoning the white Ford, which violated his rights under Pa.R.Crim.P. 403 (governing the contents of a criminal citation).[4] Brief for Appellant at 21. We disagree.

The trial court's single, incorrect reference that the abandonment of vehicles Citation concerned the white Ford was harmless error. "The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial. … Harmless error exists[, in relevant part,] if the record demonstrates [that] … the error did not prejudice the defendant or the prejudice was *de minimis* …." *Commonwealth v. Hairston*, 84 A.3d 657, 671 (Pa. 2014) (citations and quotation marks omitted). Here, the trial court's reference to an incorrect

---

[4] Rule 403 provides, in relevant part, that every citation shall contain "a citation of the specific section and subsection of the statute or ordinance allegedly violated, *together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged*[.]" Pa.R.Crim.P. 403(A)(6) (emphasis added).

vehicle was merely a slip of the tongue[5] and caused no prejudice to Hosko. *See id.* Moreover, the trial court stated in its Opinion that "[t]he credible testimony of Officer Mitchell was that both the green Toyota and the white Ford had flat tires, [] had debris and dirt built up around them[,] and had not been moved in over 48 hours. Thus, both vehicles were physically inoperable and left unattended for 48 hours, as required by [section] 3712(a)." Trial Court Opinion, 1/31/17, at 6. Accordingly, Hosko's second issue does not merit relief.

In his third and final issue, Hosko contends that the trial court erred when it, over the defense's objection, allowed the Commonwealth to elicit testimony from Officer Mitchell as to actions he had taken in the investigation *after* he filed the Citations against Hosko (the Citation relevant to this case, abandonment of the green Toyota, was filed on October 9, 2015). Brief for Appellant at 22-23. Specifically, Hosko points out that Officer Mitchell was permitted to testify that he "chalked the tires" of Hosko's parked vehicles on several separate dates after October 9, 2015 (to ascertain whether they had been moved). *Id.* According to Hosko, such evidence (hereinafter referred to as "the tire-chalking evidence") was not

---

[5] In announcing its verdict, the trial court correctly referred to the proper docket number concerning the Citation for abandonment of vehicles. N.T., 11/22/16, at 50. Moreover, there were five other Citations filed against Hosko in this consolidated case, *i.e.*, five counts of misuse of business license plates (hereinafter referred to as "the other five Citations"), which involved different vehicles (including the white Ford).

relevant or material to any of the Citations. *Id.*; *see also id.* at 23 (asserting that "[the] tire[-]chalking [evidence] was after-acquired evidence which was designed to bolster a weak case.").

"Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion." *Commonwealth v. Young*, 989 A.2d 920, 924 (Pa. Super. 2010) (citation omitted).

The trial court addressed this claim in its Opinion, summarized the pertinent law, and determined that there was no error committed, as (1) contrary to Hosko's claim, the tire-chalking evidence was relevant to the other five Citations; and (2) the law presumes that the trial court, which sat as the fact-finder, was able to disregard any inadmissible evidence as to the abandonment of vehicles Citation. *See* Trial Court Opinion, 1/31/17, at 6-7 (citing, *inter alia*, *Commonwealth v. Lambert*, 765 A.2d 306 (Pa. Super. 2000)). We agree with the trial court's analysis and determination, and therefore affirm on this basis regarding Hosko's final issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017

COMMONWEALTH OF
PENNSYLVANIA

vs.

JEFFREY HOSKO,
              Defendant

: IN THE COURT OF COMMON PLEAS
:     OF LACKAWANNA COUNTY
:
:
:      CRIMINAL ACTION
:
:
:
:      NO. 16-SA-51

## OPINION

### GEROULO, J.

On March 30, 2016, Defendant Jeffrey Hosko was convicted before a district magistrate judge of one count of abandonment of vehicles in the above-captioned case, and was also convicted of the charges against him in case nos. 16-SA-49, 50, 78, 79 & 80. The defendant appealed to this court, and on November 28, 2016, following a summary appeal trial on November 22, 2016, this court found the defendant not guilty in case nos. 16-SA-49, 50, 78, 79 & 80, but denied the appeal and found the defendant guilty in case no. 16-SA-51. He was sentenced to pay the fine previously imposed by the Magistrate plus all court costs. On December 15, 2016, the defendant filed a Notice of Appeal of the judgment of sentence to the Superior Court. This opinion is filed in compliance with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

## I. BACKGROUND

In late September 2015, Officer David Mitchell of the Scranton Police

Exhibit B

Department investigated a complaint he had received concerning several abandoned vehicles with business scrap yard license plates, one of which was parked in an unauthorized handicapped parking spot, in front of the defendant's residence on Dartmouth Street in Scranton. He observed a green Toyota Forerunner with a flattened tire that he determined had been there for some time based on the dirt and debris around the tires, as well as two other vehicles with salvage tags. Officer Mitchell returned on October 8, 2015, and tagged the vehicles abandoned. On October 9, 2015, he filed citations for the abandoned green Toyota Forerunner which was still parked in the same spot with a flat tire, and also for two other vehicles for misuse of business registration plates.

On March 30, 2016, District Magistrate Terrence Gallagher found the defendant guilty of abandonment of vehicles in this case. On April 12, 2016, the defendant filed a notice of summary appeal. On November 22, 2016, a trial was held before this court, and on November 28, 2016, this court issued an order denying the summary appeal and ordered the defendant to pay the fines imposed by the Magistrate plus all court costs. On December 15, 2016, the defendant filed a Notice of Appeal of the judgment of sentence to the Superior Court, and this court ordered him to file a concise statement of the matters complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On January 3, 2017, the defendant filed a Statement of Matters Complained of on Appeal.

## II. DISCUSSION

### A. Defendant's Statement

In his statement, the defendant submits that the issues for appeal are: (1) whether the trial court made findings of fact unsupported by the evidence, made errors of law and/or manifestly abused its discretion in finding the defendant guilty of abandonment of vehicles where (a) the Commonwealth failed to prove that the

2

defendant committed the offense as specifically set forth in the traffic citation with sufficient evidence, (b) the Commonwealth failed to prove with sufficient evidence that the defendant's green Toyota was an abandoned vehicle as defined in 75 Pa.C.S.A. § 102, and (c) the Commonwealth failed to prove with sufficient evidence that Dartmouth Street was a highway as defined in 75 Pa.C.S.A. § 102; (2) whether the trial court made findings of fact unsupported by the evidence, made errors of law and/or manifestly abused its discretion in finding the defendant guilty of abandonment of vehicles relating to a white Ford pick-up truck where the relevant traffic citation charged the defendant with abandoning a green Toyota; and (3) whether the trial court erred as a matter of law and/or manifestly abused its discretion by permitting the Commonwealth to introduce evidence and testimony concerning Officer Mitchell's observations of the defendant's vehicles at various times after he filed the traffic citations at the magistrate's office, which were not relevant or material to any alleged offense, and Officer Mitchell's subsequent observations were beyond the scope of the dates and times set forth in the traffic citations.

### B. Analysis

The defendant asserts that the evidence was insufficient to prove that he committed abandonment of vehicles. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission of the crime by the accused, beyond a reasonable doubt. Commonwealth v. Johnson, 910 A.2d 60 (Pa. Super. 2006). When reviewing a sufficiency claim, the court must view the evidence in the light most favorable to the Commonwealth, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

3

Id. at 64. A sufficiency argument that is founded upon disagreement with the credibility determinations made by the fact finder, or discrepancies in the accounts of the witnesses, does not warrant relief, for it is within the province of the fact finder to determine the weight to be accorded each witness's testimony and to believe all, part or none of the evidence introduced at trial. Id.

A defendant is guilty of abandonment of vehicles when he abandons a vehicle upon any highway. 75 Pa.C.S.A. § 3712(a). A vehicle is presumed abandoned if "the vehicle is physically inoperable and is left unattended on a highway or other public property for more than 48 hours." 75 Pa.C.S.A. §102. The term "highway" is defined as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Id.

In this case, Officer Mitchell testified that approximately two weeks before October 9, 2015, he received a complaint about vehicles belonging to Hosko's Scrap Yard with business scrap yard plates taking up parking spots on Dartmouth Street, and an unauthorized handicapped parking spot in front of the defendant's residence. Transcript of November 22, 2016 Summary Appeal Hearing at 7. He testified that he drove by and observed a green Toyota Forerunner parked there with a flattened front tire, and that it obviously had been sitting there for quite some time due to the debris and dirt and dust and road debris that were around the tires. Id. He testified that he also observed a white Ford pick-up truck with two flat tires in the handicapped parking spot, also with a lot of debris underneath it, as well as a Toyota pick-up truck that had a salvage business tag on it. Id. He testified that he went back to police

4

headquarters and over the next couple of days he looked into the complaint and confirmed that the handicapped parking sign was unauthorized. Id. at 8. He testified that on October 8, he tagged the three vehicles as abandoned, and on October 9 filed citations for the abandoned green Toyota which was parked with a flat tire, and the maroon pick-up truck and white pick-up truck which had not been moved in this two week span. Id. at 9. He also issued citations for misuse of business registration plates. Id. He showed the court photographs taken in the October 9 timeframe, including a photograph of the Toyota Forerunner with a handicapped license plate on it, a front flat tire, and rocks and debris around it that would not have been built up if the vehicle had been moved. Id. at 10.

As this court found at the time of the trial, this credible testimony by Officer Mitchell established that the defendant had committed abandonment of vehicles. Officer Mitchell testified that the green Toyota Forerunner was parked in front of the defendant's residence on Dartmouth Street for at least two weeks with a flat tire. He also testified that based upon the amount of debris around the tires, he determined that the vehicle had been parked there for quite some time. The defendant's vehicle was thus physically inoperable and left unattended for more than 48 hours, as required by 75 Pa.C.S.A. § 3712(a). Moreover, contrary to the defendant's assertion, Dartmouth Street is a highway since it is a city street that is publicly maintained and open to the public for vehicular travel, as required by 75 Pa.C.S.A. §102. Thus, the Commonwealth established each material element of the crime charged beyond a reasonable doubt and the evidence was sufficient to support the defendant's conviction.

5

The defendant also asserts that the court erred in finding the defendant guilty of abandonment of the white Ford pick-up truck when the citation only listed the green Toyota Forerunner. The credible testimony of Officer Mitchell was that both the green Toyota and the white Ford had flat tires, had debris and dirt built up around them and had not been moved in over 48 hours. Thus, both vehicles were physically inoperable and left unattended for 48 hours, as required by 75 Pa.C.S.A. § 3712(a). However, while the defendant was guilty of abandoning both vehicles, he was only charged with abandoning one vehicle. The evidence introduced at trial established that the Toyota Forerunner was an abandoned vehicle, and this court found the defendant guilty of one count of abandonment of vehicles.

Finally, the defendant asserts that the court erred when it allowed the Commonwealth to introduce evidence concerning Officer Mitchell's observations of the defendant's vehicles after he filed the traffic citations at the Magistrate's office. Of course, case nos. 16-SA-78, 79 and 80, which were also at issue at the trial, concerned citations issued on March 30, 2016, so testimony concerning those citations by necessity involved observations after October 9, 2015 when the original citations were issued. However, when a defendant is tried by a judge rather than a jury, this minimizes, if not eliminates, the potential for prejudice that may be caused by the introduction of evidence that might otherwise be inadmissible. Commonwealth v. O'Brien, 836 A.2d 966 (Pa. Super. 2003). There is a presumption that a judge's knowledge, experience and training will enable him to disregard inadmissible evidence, and consider only relevant and competent evidence. Id. See also Commonwealth v. Lambert, 765 A.2d 306 (Pa. Super. 2000); Commonwealth v.

6

<u>Miller</u>, 627 A.2d 741 (Pa. Super. 1993). The evidence introduced by the Commonwealth to prove abandonment of vehicles established that on October 9, 2015, when the citation at issue in this case was issued, the defendant was in violation of the abandonment of vehicles statute.

BY THE COURT:

_____, J.

cc:  Robert Trichilo, Esq.
     Office of District Attorney

7