J-A18030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES E. GREEN | : | |
| | : | |
| Appellant | : | No. 931 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 9, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0004680-2020

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: SEPTEMBER 7, 2022**

Charles E. Green (Appellant) appeals from the judgment of sentence entered following his convictions, after a stipulated bench trial, of Driving Under the Influence (DUI) (Controlled Substance or Metabolite), DUI (Controlled Substance Impaired Ability), and sun screening and other materials prohibited.[1]  After careful review, we affirm.

The trial court summarized the relevant facts underlying this appeal as follows:

> [O]n March 4, 2020, Trooper Matthew Shiner with the Pennsylvania State Police was patrolling southbound traffic at a crossover on I-279.  Trooper Shiner credibly testified that he witnessed a beige Chevrolet Impala with tint on the windows that was "not factory window tint[, and] dark enough where [he] was unable to see any occupants within the vehicle."  [N.T., 6/3/19, at 5.]  As a result, the trooper initiated a traffic stop.  Trooper

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1) & (2), 4524(e)(1).

> Shiner further testified that after stopping the vehicle, he was able to confirm that the window tint was dark enough that he was unable to see inside the vehicle. [*Id.* at 6.] After approaching the vehicle, Trooper Shiner observed several "open and unopened cigar wrappers indicative of marijuana." [N.T., 6/9/21, at 12.] The trooper also noted that [Appellant's] eyes were bloodshot and glassy, and there was an "odor of raw marijuana emanating from his person." [*Id.* at 6.] [Appellant] admitted to the trooper that he had smoked marijuana prior to going to work early in the morning. [*Id.* at 14.] Trooper Shiner had [Appellant] complete several Standardized Field Sobriety Tests, which [Appellant] failed by exhibiting signs indicative of marijuana consumption. [*Id.* at 13-14.] At this time, [Appellant] was arrested and searched incident to arrest, and the trooper observed a small piece of marijuana near [Appellant's] mouth. Upon questioning, [Appellant] stated that he consumed the raw marijuana prior to the traffic stop. [*Id.* at 14. Appellant] subsequently submitted to a blood test, which yielded positive results for THC. [*Id.* at 15.]

Trial Court Opinion, 11/17/21, at 2-3 (footnotes omitted, citations moved to body).

On May 26, 2021, Appellant filed a motion to suppress evidence seized during the traffic stop. Appellant argued "police unlawfully stopped him without reasonable suspicion and no exception applies under Article I, Section 8, of the Pennsylvania Constitution or the Fourth Amendment to the United States Constitution." Motion to Suppress, 5/26/21, ¶ 5. The trial court conducted an evidentiary hearing on June 3, 2021, and thereafter denied Appellant's motion. Trial Court Order, 6/9/21.

Following a stipulated bench trial, the trial court convicted Appellant of the aforementioned offenses. For DUI (Controlled Substance or Metabolite), the trial court sentenced Appellant to 10 days on electronic home monitoring,

six months' probation, and a $1,000 fine. The court imposed no further penalties on the remaining convictions.

On July 1, 2021, the trial court granted Appellant permission to file a *nunc pro tunc* post-sentence motion. Appellant filed a post-sentence motion, which the trial court denied on July 14, 2021. Trial Court Order, 7/14/21. Appellant then filed a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Whether the trial court erred in denying [Appellant's] motion to suppress, where the trooper's suppression hearing testimony failed to establish that he had the requisite *quantum* of cause to stop [Appellant's] vehicle for a suspected violation of the window tint statute, 75 Pa.C.S.A. § 4524(e)(1)?

Appellant's Brief at 6.

Preliminarily,

> [a]n appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

- 3 -

*Commonwealth v. Prizzia*, 260 A.3d 263, 266 (Pa. Super. 2021) (citation omitted).

It is undisputed Trooper Shiner stopped Appellant's vehicle for a sun screening violation under 75 Pa.C.S.A. § 4524(e)(1). Section 4524(e) provides, in relevant part:

> (1) No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.
>
> (2) This subsection does not apply to:
>
> > (i) A vehicle which is equipped with tinted windows of the type and specification that were installed by the manufacturer of the vehicle or to any hearse, ambulance, government vehicle or any other vehicle for which a currently valid certificate of exemption has been issued in accordance with regulations adopted by the department.
> >
> > (ii) A vehicle which is equipped with tinted windows, sun screening devices or other materials which comply with all applicable Federal regulations and for which a currently valid certificate of exemption for medical reasons has been issued in accordance with regulations adopted by the department.

75 Pa.C.S.A. § 4524(e)(1), (e)(2)(i)-(ii).

Appellant claims the trial court erred in denying his suppression motion because Trooper Shiner's testimony did not support a finding of probable cause to justify a traffic stop under Section 4524(e)(1). Appellant's Brief at 13. In support, Appellant relies on this Court's decision in *Prizzia*, *supra*. Appellant argues that in *Prizzia*,

> the facts demonstrated [the trooper] could discern, from his initial observation of Appellant's vehicle, that [the driver's] window tint

- 4 -

violated section 4524(e)(1) because the trooper could not see into [the] car. [The trooper] did not state that his stopping Appellant's vehicle served any investigable purpose. Thus, he was required to possess probable cause to conduct the traffic stop for the section 4524(e)(1) violation." [***Prizzia***, 260 A.3d] at 269.

Appellant's Brief at 17. Appellant claims that Trooper Shiner's testimony in the instant case is substantially similar to the trooper's testimony in ***Prizzia***. ***Id.*** at 21-22. Applying ***Prizzia***, Appellant argues the trial court erred in applying a reasonable suspicion standard to the traffic stop. ***Id.*** at 21.

Appellant further argues that Trooper Shiner failed to establish probable cause to justify the traffic stop. ***Id.*** at 24. According to Appellant, Trooper Shiner established only that it was difficult for him to see inside of the vehicle prior to the traffic stop. ***Id.*** at 23-24. Upon careful review, we conclude the trial court applied the appropriate reasonable suspicion standard in denying Appellant's suppression motion.

The Pennsylvania legislature has codified the level of suspicion a police officer must possess before initiating a traffic stop:

> **Authority of police officer.—**Whenever a police officer is engaged in a systematic program of checking vehicles or drivers **or has reasonable suspicion that a violation of this title is occurring or has occurred**, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis added). However, this Court has recognized that a traffic stop based on reasonable suspicion must serve an

- 5 -

investigatory purpose, while a stop based on an observed Vehicle Code violation or "non-investigable offense" must be supported by probable cause. *Commonwealth v. Harris*, 176 A.3d 1009, 1019 (Pa. Super. 2017).

In *Prizzia*, this Court addressed the validity a traffic stop for a sun screening prohibited violation. We stated:

> [I]n our view, the appropriate quantum of cause necessary to validate a traffic stop based on a violation of section 4524(e)(1) is dependent on the specific facts of each case. In some situations, … a probable cause standard will apply because the officer's testimony establishes that a window-tint violation was immediately apparent to the officer, and no further investigatory purpose was served by the traffic stop. In other cases …, a reasonable suspicion standard could apply because the officer's testimony demonstrates that he or she stopped the vehicle to get a closer and/or unobstructed view of the windows, in further investigation of whether the tint violates section 4524(e)(1). Accordingly, our decision today should not be read as precluding application of a reasonable suspicion standard to a stop for a window-tint violation, if the specific facts of the case demonstrate that an investigatory purpose was served by the stop.

*Prizzia*, 260 A.3d at 269 n.2.

Contrary to Appellant's claim, the circumstances presented in *Prizzia*, which compelled application of a probable cause standard, are distinguishable from those presented in the instant case. In *Prizzia*,

> [w]hile on patrol, [Pennsylvania State Trooper Anthony Spegar] observed a vehicle on the road with windows tinted to the degree that [he] could not see the operator inside the vehicle. Trooper **Spegar testified that prior to initiating a traffic stop, he followed [the appellant's] white Scion TC for a period of time and at no distance could he see through the side, front, [or] passenger windows.** Trooper Spegar further testified that in his experience as a Pennsylvania State Trooper, he is aware that at the distances from which he observed [the appellant's] vehicle prior to conducting a traffic stop,

- 6 -

manufacturer-installed tint would not render the windows too dark to see through. Based on his observations, Trooper Spegar conducted a traffic stop of [the appellant's] vehicle based on illegal window tint.

*Prizzia*, 260 A.3d at 265 (emphasis added; citations and quotation marks omitted). We applied a probable-cause standard and concluded Trooper Spegar had probable cause to stop the appellant's vehicle:

Trooper Spegar testified that the windows on [the appellant's] vehicle were so darkly tinted that he could not see inside. This testimony was corroborated by still photographs entered into evidence at the suppression hearing, which showed that "at certain angles, the side panel windows on [Appellant's] car [were], indeed, darkly tinted to a degree that seeing through [the] same [was] difficult, if not impossible." Trooper Spegar's testimony, and the corroborating evidence, demonstrated that the trooper could not see through [the appellant's] windows, thus establishing probable cause to stop her vehicle for a violation of section 4524(e)(1).

*Id.* at 269-70 (citations omitted).

Here, by contrast, the circumstances warranted application of a reasonable suspicion standard. At the suppression hearing, Trooper Shiner testified that at 9:50 a.m. on March 4, 2020, he parked his vehicle at a crossover to observe southbound traffic on Interstate 279. N.T., 6/3/20, at 4-5. Trooper Shiner parked perpendicular to the interstate, with the front of the police vehicle "facing the two lanes of traffic[.]" *Id.* at 5. As Appellant's Chevrolet Impala drove past, Trooper Shiner observed the vehicle's front windshield, driver's window and left passenger window. *Id.* According to Trooper Shiner,

[a]s the vehicle passed my location, I observed the vehicle to have not [*sic*] factory window tint dark enough where I was unable to see any occupants within the vehicle as it passed my location.

*Id.*  Unlike the trooper in ***Prizzia***, Trooper Shiner did not follow the vehicle for further investigation prior to the traffic stop.

Our review further discloses that Trooper Shiner's traffic stop served a valid investigatory purpose.  Trooper Shiner testified:

As I approached the vehicle, **I was still able to ascertain that the window tint was still dark enough I was unable to observe anybody inside**, at which point [Appellant] did roll down his driver's side window at which time I engaged him in conversation.

*Id.* (emphasis added).   Based on the foregoing, the trial court properly concluded:

For these specific and articulable reasons, Trooper Shiner had reasonable suspicion to believe that a violation of the Motor Vehicle Code was occurring.  In turn, he was permitted to initiate a traffic stop under 75 Pa.C.S.A. § 6308(b) to investigate.  Based on the evidence and testimony presented, Trooper Shiner acted properly when he briefly detained [Appellant] for the purposes of investigating the possible violation of the Motor Vehicle Code.

Trial Court Opinion, 11/17/21, at 4.  Under these circumstances, we discern no error in the trial court's application of a reasonable suspicion standard, and its conclusion that the Commonwealth established reasonable suspicion of a window tint violation.[2]  ***Prizzia***, ***supra***.

_____

[2] Even applying a probable cause standard, we would reach the same conclusion as this Court in ***Prizzia***.  Trooper Shiner testified that because of the sun screening, he could not see the vehicle's occupants as it drove past.

Appellant further asserts this Court wrongly decided *Prizzia*. Appellant's Brief at 18. Appellant challenges *Prizzia*'s holding that the cause necessary to support a traffic stop under Section 4524(e)(1) "can be either probable cause or reasonable suspicion, depending on the facts and circumstances of each particular case." *Id.* According to Appellant, the statutory exceptions to the window-tint restriction *require* an officer to conduct an investigation upon stopping the vehicle. *Id.* at 19-20. Appellant posits: "[T]here is **_always_** something for the police officer to investigate – *i.e.*, whether the exemption applies to the vehicle that she just stopped." *Id.* at 20 (emphasis in original). We disagree.

We recently reiterated that both "this Court and the trial court are bound by 'existing [Superior Court] precedent[.]'" *Smith v. A.O. Smith Corp.*, 270 A.3d 1185, 1194 (Pa. Super. 2022); *see also Commonwealth v. May*, 271 A.3d 475, 482 (Pa. Super. 2022) ("This panel is bound by existing precedent and, therefore, lacks the authority to overturn another panel decision."). Accordingly, we are not persuaded by Appellant's argument that *Prizzia* was wrongly decided.

Further, we have held that the Section 4524(e)(1) exceptions function as affirmative defenses to criminal culpability, which the defendant may

---

N.T., 6/3/20, at 5. Trooper Shiner's observation established probable cause of a violation of the sun screening statute, as the sun screening on Appellant's windows prevented him from seeing the occupants of the vehicle. *See Prizzia*, 260 A.3d at 269-70.

choose to raise at trial. ***Commonwealth v. Rodriguez***, 81 A.3d 103, 106 (Pa. Super. 2013). Therefore, an officer who observes a window-tint violation under Section 4524(e)(1) has no burden to confirm the inapplicability of a Section (e)(2) exception. ***Id.***; ***see also May***, ***supra***. Applying ***Rodgriguez***, an investigation is **not** always necessary to determine a violation of Section 4524(e)(1).

For the foregoing reasons, we cannot grant Appellant relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2022