**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| RODNEY HOLMAN | : | |
| | : | |
| Appellant | : | |
| | : | No. 501 EDA 2017 |

Appeal from the Judgment of Sentence January 18, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0001743-2013

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 21, 2018**

Appellant, Rodney Holman, appeals from the judgment of sentence imposed on January 18, 2017, following his non-jury conviction of one count each of possession with intent to deliver a controlled substance (PWID) and possession of a controlled substance.[1]  On appeal, Appellant challenges the sufficiency and weight of the evidence.  For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from the trial court's June 29, 2017 opinion.

> On March 20, 2012, [Philadelphia Police] Officer [Bradford] Mitchell, [Philadelphia Police] Officer [Gary] Francis, and a confidential informant (CI) arranged a controlled purchase of crack cocaine from [Appellant] at 919 East Woodlawn Street in

---

[1] 35 P.S. §§ 780-113(a)(30) and (16), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

Philadelphia. Officer Mitchell searched the CI with negative results for any drugs or money, then provided him with recorded buy money, and followed him to the location. Officer Mitchell observed the CI approach the Appellant sitting on the porch and have a conversation. Then Officer Mitchell saw the Appellant enter the house and exit a few seconds later. The Appellant handed something to the CI; the CI gave Appellant the buy money, and then left to meet Officer Francis at a pre-determined location. The CI turned over two clear vials, each containing crack cocaine, which were placed on a property receipt, and he was searched again with negative results for any other drugs or money.

The following day, March 21, 2012, Officer Mitchell, Officer Francis, and the same CI conducted the same pre-arranged controlled purchase of crack cocaine from the Appellant at the same location. Officer Mitchell again observed a short conversation between the CI and the Appellant, whereupon the Appellant entered the house, exiting a few seconds later[,] then exchanging something with the CI for the buy money. The CI again turned over two clear vials containing crack cocaine and was searched, resulting in no recovery of any other drugs or money.

(Trial Court Opinion, 6/29/17, at 2-3) (record citations omitted).

A bench trial took place on November 3, 2016. On November 18, 2016, the trial court found Appellant guilty of the aforementioned charges, but not guilty of possession of drug paraphernalia.[2] On January 18, 2017, the trial court sentenced Appellant to an aggregate term of incarceration of not less than one nor more than two years to be followed by three years of reporting probation. Appellant did not file a post-sentence motion. The instant, timely appeal followed. On March 2, 2017, the trial court directed Appellant to file a 1925(b) statement within twenty-one days of the date of that order. *See*

_____

[2] 35 P.S. §§ 780-113(a)(32).

Pa.R.A.P. 1925(b). Appellant filed a Rule 1925(b) statement on June 2, 2017. *See id.* On June 29, 2017, the trial court issued an opinion addressing the issues Appellant raised on the merits. *See* Pa.R.A.P. 1925(a) (*see also* Trial Ct. Op., at 3-11).

On appeal, Appellant raises the following questions for our review:

> 1. Whether the evidence was sufficient to find beyond a reasonable doubt that Appellant was guilty of [PWID?]
>
> 2. Whether the verdict finding Appellant guilty of [PWID] was against the weight of the evidence[?]

(Appellant's Brief, at 4).

In his first issue, Appellant claims the evidence was insufficient to sustain his conviction for PWID.[3] (*See id.* at 8-10). We disagree.[4]

Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, **when viewed in a light most favorable to the Commonwealth as verdict winner**, support the conviction beyond a reasonable doubt.

---

[3] Appellant does not challenge the sufficiency of the evidence underlying his conviction for possession of a controlled substance. (*See* Appellant's Brief, at 8-10).

[4] As noted by the trial court in its opinion, (*see* Trial Ct. Op., at 2), Appellant filed his Rule 1925(b) statement more than twenty-one days after entry of its order, and thus it was untimely. While we could find waiver based on the untimeliness of the Rule 1925(b) statement, we decline to do so, because the trial court addressed Appellant's issues. *See Commonwealth v. Rodriguez*, 81 A.3d 103, 104 n.2 (Pa. Super. 2013), *appeal denied*, 91 A.3d 1238 (Pa. 2014) (declining to find waiver because trial court had addressed issues raised in untimely Rule 1925(b) statement).

Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted) (emphasis added).

Appellant challenges the sufficiency of the evidence with respect to his conviction for PWID. Initially, we note that, while claiming to view the evidence in the light most favorable to the Commonwealth, most of Appellant's argument is a discussion of evidence he believes the Commonwealth should have presented but did not. (*See* Appellant's Brief, at 8-10). Further, Appellant overlooks the fact that this Court does not re-weigh the evidence, nor do we engage in credibility determinations. (*See id.*). Moreover, Appellant's argument, other than citations to cases discussing the standard of review, is devoid of legal support. Appellant cites to a single case to support his claim that the evidence was insufficient to sustain his convictions, and that case is a non-precedential, unpublished memorandum. (*See id.* at 10). We remind Appellant that "an unpublished memorandum of this Court carries no precedential weight, apart from the parties involved in that particular case."

***Midwest Financial Acceptance Corp. v. Lopez***, 78 A.3d 614, 627 n.2 (Pa. Super. 2013) (citation omitted). Thus, we could find waiver, but decline to do so.

We review a challenge to the sufficiency of the evidence underlying a conviction for PWID under the following standards. For the evidence to be sufficient to sustain a conviction for PWID, the Commonwealth must prove both that Appellant possessed the controlled substance and that he intended to deliver the controlled substance. ***See Commonwealth v. Bostick***, 958 A.2d 543, 560 (Pa. Super. 2008), *appeal denied*, 987 A.2d 158 (Pa. 2009). All the facts and circumstances surrounding the possession are relevant to this inquiry. ***See id.*** In particular, relevant factors include, but are not limited to, "the particular method of packaging, the form of the drug, and the behavior of the defendant." ***Commonwealth v. Goodwin***, 928 A.2d 287, 292 (Pa. Super. 2007) (citations omitted). Further, we can infer the intent to deliver from the possession of a large quantity of the controlled substance. ***See Bostick***, ***supra*** at 560.

Because the police did not find drugs on Appellant's person, the Commonwealth was required to establish that he constructively possessed them. This Court has stated that:

> [c]onstructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the contraband, and the intent to exercise such control. Constructive possession may be established by the totality of the circumstances. We have held that circumstantial evidence is reviewed by the same standard as direct evidence — a decision

by the trial court will be affirmed so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.

**Commonwealth v. Bricker**, 882 A.2d 1008, 1014 (Pa. Super. 2005) (citations and quotation marks omitted).

Here, viewing the record in the light most favorable to the Commonwealth, the evidence shows that the police arranged for a controlled purchase of drugs from Appellant though a CI. (**See** N.T. Trial, 11/03/16, at 11-12). The purchase took place at Appellant's residence, 919 East Woodlawn Street, Philadelphia (**See id.** at 10-11, 16). Prior to the controlled buy, Officer Mitchell searched the CI and did not find any drugs or money on his person. (**See id.** at 12). Officer Mitchell provided the CI with buy money. (**See id.** at 13). He watched the CI walk up to Appellant, who was sitting on the porch, and engage in conversation with him. (**See id.** at 13). Appellant then entered his home, came back out, and handed something to the CI. (**See id.**). The CI gave Appellant the money. (**See id.**). The CI turned over two vials of crack cocaine to the police; a search of the CI for any other drugs or money was, again, negative. (**See id.**). The police repeated the process the next day with identical results. (**See id.** at 14). This evidence was more than sufficient to sustain Appellant's conviction. **See Commonwealth v. Lee**, 956 A.2d 1024, 1028 (Pa. Super. 2008), *appeal denied*, 964 A.2d 894 (Pa. 2009) (holding evidence sufficient to sustain verdict for PWID where police observed defendant engage in two hand-to-hand drug transactions in which money was

exchanged for items later revealed to be packets of crack cocaine). Appellant's challenge to the sufficiency of the evidence underlying his conviction for PWID lacks merit.

In his final claim, Appellant challenges the weight of the evidence. However, Appellant has not preserved this claim for our review.

We have long held that this Court cannot consider, in the first instance, a claim that the verdict is against the weight of the evidence. *See Commonwealth v. Wilson*, 825 A.2d 710, 714 (Pa. Super. 2003). Here, Appellant did not file a post-sentence motion. Thus, Appellant did not preserve the issue for our review. *See Commonwealth v. Burkett*, 830 A.2d 1034, 1036 (Pa. Super. 2003).

Moreover, even if we were to address the merits of the weight of the evidence claim, it would fail.

Our scope and standard of review of a weight of the evidence claim is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to

almost fall from the bench, then it is truly shocking to the judicial conscience.

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted). "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-80 (Pa. 2008), *cert. denied*, 556 U.S. 1106 (2009) (citation omitted).

In its Rule 1925(a) opinion, the trial court stated that it found Officer Mitchell's testimony credible and there was nothing that "reasonably controverted" the Commonwealth's evidence. (Trial Ct. Op., at 7). It concluded, "The [trial c]ourt's conscience was in no way shocked by the verdicts, which were not at all contrary to the weight of the evidence." (*Id.*). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Commonwealth v. Lee*, *supra* at 1029 (citation omitted). This Court cannot substitute our judgment for that of the trier of fact. *See Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S.Ct. 1792 (2014). This issue does not merit relief.

Appellant's issues either are waived or lack merit.  Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/18